**UNITED STATES of America**
v.
**Bobby J. LEONARD, Appellant.**
**No. 24123.**

United States Court of Appeals, District of Columbia Circuit.

Argued April 19, 1971.

Decided May 25, 1971.

Mr. Alexander Boskoff, Washington, D. C. (appointed by this Court) for appellant.

Mr. John S. Ransom, Asst. U. S. Atty., with whom Messrs. Thomas A. Flannery, U. S. Atty., and John A Terry and John F. Evans, Asst. U. S. Attys., were on the brief, for appellee.

Before FAHY, Senior Circuit Judge and TAMM and LEVENTHAL, Circuit Judges.

LEVENTHAL, Circuit Judge:

The only claim of substantial prejudice warranting discussion is that pertaining to improper joinder of counts and failure to grant motion for severance. Appellant was found guilty of all fourteen counts of an indictment. He was charged with burglary and larceny from the home of James Cross—on October 11, 1968, (counts 1 and 2), and again on November 17, 1968, (counts 3 and 4). Counts 5 through 8 alleged forgery and uttering by the use of a Sears, Roebuck credit card stolen in the November 17 burglary. Counts 9 through 14 alleged forgery and uttering at a different Sears, Roebuck store. Appellant was sentenced to 10 to 30 years on the burglary charged in count 3 and to lesser terms on each of the other counts, all to run concurrently with each other and with a prior sentence then being served.

Rule 8(a) Fed.R.Crim.P., permits joinder of offenses that "are of the same or similar character or are based on * * * two or more acts or transactions connected together or constituting parts of a common scheme or plan." Rule 14 provides for severance, or other relief, if the defendant "is prejudiced by a joinder of offenses."

Plainly the joinder of the counts relating to the two burglaries was proper. They were offenses "of the same or similar character" within the Rule. They were both burglaries, both of the Cross house (where appellant was employed), and indeed as the proof later developed they were similar in their "inside job" characteristics. In each instance there was no evidence of forcible entry or ransacking; the house was not in disarray, though items were taken from various parts of the house; the facts impelled the conclusion that the burglary was perpetrated by someone who knew precisely where various items in the house were kept.[1]

---

1. After the first of these burglaries appellant was able to locate the car removed by use of the keys stolen in the October 11 burglary, allegedly through his associations, with a singular account of how he came to be in possession of the auto. It may be interjected that previously, when a wallet was stolen from a room while appellant was working in the adjoining hall, he was able on request to "find" the wallet in the 14th Street area of the city. Prior to the second burglary appellant performed the task of replacing a window pane in a bathroom adjoining a bedroom whose occupant, he knew, had left for school. He was able to observe the new television set that replaced the one taken in the previous buglary. When the Crosses were awakened in the early morning hours of November 18 by the barking of the dog they found that the offender had stolen not only the TV set but also a number of other items, and as in the case of the first burglary these had been taken from places where one normally would not have occasion to look—e. g., a camera on a "hidden shelf" and a pocketbook, with contents including the credit cards, hanging in a position not visible on opening the closet door. The police investigation revealed that the window pane replaced by appellant had been removed and the window opened; the pane of glass was found on the roof unbroken, and there were no nail holes in the putty or nails found near the window.

■ The joinder of the forgery-and-uttering charges to the burglary charges cannot be justified on the ground that they were offenses of the "same or similar" character. And their joinder was not without significance, since the evidence of burglary, though strong as indicated by our recital of facts, was circumstantial, while appellant was caught redhanded in his attempt to use the credit cards.

The critical element of the case, which undercuts appellant's contentions, is the simple fact that his uttering of the credit cards stolen from the Crosses would have been admissible in evidence in a trial for burglary. In this situation the joinder of offenses promotes the kind of efficiency in administration of criminal justice that is the objective of Rule 8 without the problem of prejudice in the trial of an offense, due to improper inferences from the evidence of the second offense, that is the primary concern of Rule 14.

We adopt the reasoning of Judge Bazelon in Blunt v. United States, 131 U.S.App.D.C. 306, 404 F.2d 1283 (1968), cert. denied, 394 U.S. 909, 89 S.Ct 1021, 21 L.Ed.2d 221 (1969). The court held that in the case of a robbery and theft of a checkbook, which is then used to commit frauds, forgeries and utterings, the robbery is "connected together" with these later offenses within the meaning of Rule 8. It reasoned thus: The evidence of the fraud, forgeries and utterings would have been admissible at a separate robbery trial, both to show possession of the stolen goods and to show specific intent of the robber to convert the stolen property to his own use. The joinder of counts eliminated the need to prove substantially the same evidence twice over, "thus realizing precisely the kind of economy envisaged by Rule 8(a)." The admissibility of such evidence in a separate robbery trial obviated the kind of prejudice primarily deemed to warrant relief under Rule 14 —that the jury may cumulate evidence of separate crimes, and that the jury may improperly infer a criminal disposition and treat the inference as evidence of guilt.

We see no substantial possibility of any other reason why in this case the joinder "embarrassed or confounded" the appellant in presenting different defenses to the different charges. What appellant's counsel was concerned with was the lumping together of the utterings and the burglaries. But that lumping together was inevitable as a result of the rules of evidence. The joinder of offenses added little or no prejudice affecting substantial rights.

Affirmed.

FAHY, Senior Circuit Judge: ·

I concur, but add that I do not understand the court to hold that the trial was free of error in (1) the trial court's denial of the right of counsel for the defense to cross-examine Government witnesses regarding possible discussion of the case with the Assistant United States Attorney prior to trial in the presence of other Government witnesses, and (2) the court's instruction to the jury in singling out only appellant in referring to his "vital interest in the outcome of this trial." * But see United States v. Gaither, 142 U.S.App.D.C. 234, 236, 440 F.2d 262, 264 (1971); Fisher v. United States, 80 U.S.App.D.C. 96, 98, 149 F.2d 28, 30 (1945), aff'd on other grounds, 328 U.S. 463, 66 S.Ct. 1318, 90 L.Ed. 1382 (1946). The errors which I think occurred in the respects noted, however, do not in my opinion require reversal in this case.

* Trial counsel for appellant objected to the court's action in both instances.