**STATE of Missouri, Respondent,**

v.

**Terry NEBBITTS, Appellant.**

No. 57630.

Supreme Court of Missouri, Division No. 1.

Sept. 10, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

Robert C. Babione, Public Defender Bureau, St. Louis, for appellant.

HOLMAN, Judge.

Defendant Terry Nebbitts and Frank Stevens were charged with the offense of stealing property (record albums) having a value of $50 or more. See Sections 560.-156 and 560.161, subd. 1(2).[1] The information also charged defendant with a prior felony conviction under the provisions of Section 556.280. Defendant obtained a severance and was tried separately. The jury found the defendant guilty of the offense charged and the court fixed his punishment at imprisonment in the penitentiary for a term of seven years. Defendant has appealed from the ensuing judgment. We have jurisdiction because the appeal involves a felony conviction and was taken prior to January 1, 1972, the effective date of new Art. V, Sec. 3, Mo.Const. V.A.M.S. We affirm.

John Straw testified that he was a security guard at the Sears Roebuck store on North Kingshighway Street in St. Louis, Missouri; that on August 17, 1971, at 8:05 p.m., he saw defendant and another man (Stevens) take the escalator from the first to the second floor; that he followed them and saw that they went to the record department; that he saw them look at various record albums and each placed a number of albums under his arm; that they then left the record department and went down the escalator and were in the exit hallway about to leave the building when stopped by him and his partner; that 29 albums were taken from the men and delivered to the police.

Another security guard, Frazier Garner, testified that he watched defendant and Stevens while they were looking through the records; that he saw each man place some record albums under his arm and then go down the escalator; that they walked to the northeast rear door where they were stopped by him and John Straw; that he thought defendant had 15 albums and Stevens 14; that the albums were turned over to the police when they arrived. On cross-examination this witness stated that he had decided to watch the men because Stevens had been caught the week before with his hand in a Sears cash

1. All statutory references are to RSMo 1969, V.A.M.S.

register; that he had never seen defendant before.

The 29 albums were admitted in evidence and Earl W. Meyer, a buyer for the record department, testified as to their value. He stated that the cost of the albums to Sears was as follows: two at $4.11 each; two at $2.92 each and 22 at $3.58 each. Apparently the state overlooked proving the value of three of the albums. We compute the total value to be $92.82.

■ Defendant's first point is that his counsel was unduly restricted in his efforts to cross-examine witness Straw and that the court's rulings in that regard constituted reversible error. He sought to attack the credibility of the witness by showing that there was a lot of shoplifting in that store and that security officers were under pressure from management to reduce the rate of shoplifting. The court sustained an objection to a question seeking to show that there was "a lot" of shoplifting in that store. The court indicated the view that such had no bearing on the issues in the case. Counsel was, however, permitted to ask the following questions:

"Q Mr. Straw, are you under pressure from the security office of Sears to apprehend a lot of these—[shoplifters]

MR. JACOBS: I object to that.

THE COURT: I think the objection is well taken but I will permit the officer to answer that.

A No, I am not.

Q You are not?

A No.

Q Yet it is your job to apprehend them?

A Right."

■ We have the view that there was no prejudicial restriction of defendant's cross-examination of Mr. Straw. Of course, it is always relevant to show the interest or bias of a witness. State v. Pigques, 310 S.W.2d 942 (Mo.1958). Since it was shown that this witness as a security officer had the duty to apprehend shoplifters, it would be inferred that he would desire to see persons convicted whom he had detained for that offense. Defendant was also permitted to endeavor to show that there was pressure on the witness to apprehend many shoplifters. We think that defendant's counsel was given a reasonable latitude in his efforts to show the interest of the witness and that no prejudicial error occurred.

■ The defendant's next point is that the trial court erred in failing to instruct the jury on the lesser offense of stealing property of the value of less than $50. The difficulty with this contention is that it was not mentioned in the motion for new trial. The point is not preserved for our review and hence is disallowed. State v. Famber, 358 Mo. 288, 214 S.W.2d 40[6] (1948); State v. Schleicher, 442 S.W.2d 19[1] (Mo.1969).

■ The final point in the brief is that "appellant was incompetently and inadequately represented by assigned counsel." This point is apparently placed in the brief because defendant filed a pro se motion for new trial in which his sole complaint was the incompetency of his trial counsel. (His attorney also filed a motion for new trial.) Defendant's attorney on appeal (who was not his trial attorney) concedes that "since there is no adequate evidentiary basis for the claim the matter cannot now be briefed or ruled." He suggests that we remand the matter for an evidentiary hearing so that this contention can be determined. We will not comply with that suggestion because we believe that it is more appropriate to follow the well-established practice of reviewing contentions relating to ineffective assistance of counsel in proceedings under Rule 27.26, V.A.M.R. State v. Cluck, 451 S.W.2d 103[8] (Mo.1970).

The judgment is affirmed.

All concur.