STATE of Missouri, Plaintiff-Respondent,

v.

Joseph PARHM, Defendant-Appellant.

No. 37478.

Missouri Court of Appeals,
St. Louis District,
Division One.

Dec. 7, 1976.

William J. Shaw, Public Defender, David M. Adams, Asst. Public Defender, Clayton, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Courtney Goodman Jr., Pros. Atty., Gordon L. Ankney, Asst. Pros. Atty., Clayton, for plaintiff-respondent.

DOWD, Judge.

Defendant was convicted by jury of burglary in the second degree and stealing, §§ 560.045, 560.095, 560.110, RSMo 1969. The court sentenced defendant to the Missouri Department of Corrections for 6 years on the burglary charge and for 2 years on the stealing charge, to be served consecutively.

The facts can be briefly stated: A loud noise was heard, and Mrs. Barbara Hudson looked out her window. She observed two men enter the house of a neighbor. They exited with a T.V. and other items. They placed the items in the auto in which two other individuals were sitting. The defendant was in the driver's seat. The police were called. The defendant and his companions were apprehended. The merchandise was recovered from defendant's auto. Mrs. Hudson identified the four individuals as the same ones she had seen earlier, and positively identified defendant's auto. The owner of the house identified the items found in defendant's auto as those belonging to her family. She had not given anyone permission to break open her front door or remove anything from her house. There was police testimony that the defendant confessed to his participation in the burglary and stealing.

The sole issue raised by defendant on appeal is that the trial court erred in sustaining the State's objection to the defense counsel's cross-examination of Officer Castello because "it was proper to show [that] the witness' partiality toward the State affected his credibility as a witness".

The trial court sustained the prosecutor's objection to a question asked Officer Cas-

tello during the following cross-examination by defense counsel:

"Q After telling him this [his rights] and cautioning him about all of this, he came in and told you he was with these other guys?

A Yes, sir.

Q Officer, you have been a police officer with the University City Police Department about four years?

A I have been a police officer about two years—

Q (interrupting) You have been on the street then about two years?

A Yes, sir.

Q You had a number of occasions to arrest a number of people for offenses?

A Yes.

Q You had occasion to come down here to Clayton and make sworn application for various arrests in burglaries?

A Yes.

Q Did you make a sworn application in this case?

A No, sir.

Q Did one of your associates?

A Yes, sir.

Q Did you have occasion to come down and apply for warrants that the warrants were refused?

A No, sir.

Q You have always had warrants issued?

A Yes, sir.

Q Do you know what it takes to make a case, officer?

A What are you referring to?

Q Do you know what it takes, how much evidence, or how much testimony you have to put down on your application to get a warrant issued?

MR. ANKNEY: (Prosecutor) I object to this. This officer doesn't have to testify to that.

THE COURT: Sustained.

MR. ADAMS: (Defense attorney) It goes to the officer—

THE COURT: The Court sustained it. Propound your next question.

MR. ADAMS: That's all I have, Judge."

█ It is always proper to show the bias or prejudice of a witness. *State v. Nebbitts*, 498 S.W.2d 762, 764 (Mo.1973). The defendant in a criminal prosecution must be permitted much latitude in the cross-examination of a witness for the purpose of showing bias or prejudice to test the credibility of the witness. *State v. Woods*, 508 S.W.2d 297, 301 (Mo.App.1974). However, the scope of the inquiry into interest or bias of the witness is left largely to the sound discretion of the trial court. *State v. Pigques*, 310 S.W.2d 942, 947 (Mo.1958). Absent a clear abuse of discretion, the appellate court will not interfere with the trial court's ruling. *State v. Neal*, 526 S.W.2d 898, 901 (Mo.App.1975).

█ The record shows that defendant was given a reasonable latitude in exposing the possible interest or bias of witness Castello. Defendant established on cross-examination that the witness had been a police officer since 1971; that the officer had arrested a number of persons for various offenses and made sworn applications in connection with the arrests; the officer had previously applied for warrants and always had the warrants issued. Further, evidence was before the jury that witness Castello was the officer who arrested the defendant in the present case. From this elicited testimony "it would be inferred that he would desire to see persons convicted whom he had detained for that offense." See *State v. Nebbitts, supra*, at 764.

█ The trial court may properly limit the extent of the inquiry during cross-examination, *State v. Platt*, 525 S.W.2d 637, 641 (Mo.App.1975), and apparently did so here. The court told defendant to propound his next question, but defendant had none. We conclude that the trial court did not deny or unreasonably circumscribe the defendant in his right to show bias or an interest of witness Castello. Defense counsel was given a reasonable latitude in the inquiry of the possible prejudice of the witness, and the trial court did not commit

prejudicial error in sustaining the State's objection to the question involved.

The judgment is affirmed.

WEIER, P. J., and CLEMENS, J., concur.