**STATE of Missouri, Respondent,**

v.

**Clifton R. TAYLOR, Appellant.**

**No. KCD 28801.**

Missouri Court of Appeals, Kansas City District.

June 12, 1978.

Joel Pelofsky, Miniace & Pelofsky, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

SOMERVILLE, Presiding Judge.

Defendant was charged by a multiple count information with burglary, second degree, Sec. 560.045, RSMo1969, stealing, Sec. 560.156, RSMo1969, and forgery (possession with intent to utter), Sec. 561.011, RSMo1969. A jury, although acquitting defendant of burglary and stealing, found him guilty of forgery but was unable to agree upon his punishment. Thereupon, the trial judge assessed defendant's punishment at ten years confinement in the Missouri Department of Corrections.

Defendant raises four points of error on appeal: (1) error on the part of the trial court in denying defendant's oral motion of dismissal (made on the morning of trial) because of improperly joining the multiple charges of burglary, second degree, stealing, and forgery; (2) error on the part of the trial court in overruling defendant's objection to a portion of the state's closing argument which purportedly constituted an expression of opinion as to the believability of one of the state's witnesses; (3) error on the part of the trial court in overruling defendant's objection to a portion of the state's closing argument which purportedly shifted the burden of proof or constituted a comment on defendant's failure to take the stand and testify in his own behalf; and (4) error on the part of the trial court in giving Instruction No. 13 (MAI–CR 4.50) after the jury had retired to deliberate.

A compact statement of facts will be sufficient as the sufficiency of the evidence has not been challenged. On October 24, 1975, a building housing Messina Brothers Construction Company was burglarized. A number of "printed" company checks were stolen after having been run through the company's "check protector". On the day of the burglary, defendant presented one of the "printed" checks which had been run through the company's "check protector" to Rail Sales, Corp. for payment. The maker's signature had been forged. The party at Rail Sales, Corp. to whom the check was presented became suspicious and called the bank upon which the check was drawn before making payment. The bank advised the calling party that a number of "printed" company checks had been stolen from the office of Messina Brothers Construction Company. Defendant, apparently sensing that he was under suspicion, exited the premises of Rail Sales, Corp. before being advised that the check would not be honored. A security officer at Rail Sales, Corp. was alerted and he followed defendant out of the premises occupied by Rail Sales, Corp. and then pursued defendant down a public street. A police officer was also alerted and defendant was apprehended as he was running down the public street.

At first blush it would appear that defendant's first point has been rendered moot by reason of defendant's acquittal on

the charge of burglary, second degree, and stealing. Defendant, in anticipation that the continuing viability of his first point of error might be questioned on appeal, argues that the "improper joinder of offenses tainted the entire trial and the forgery conviction". Although imprecisely stated, the import of defendant's argument appears to be that joinder of the charges of burglary, second degree, and stealing with the charge of forgery was wholly improper under Rule 24.04 and the effect of doing so provided a basis for the state to parade otherwise inadmissible evidence of other crimes before the jury.

Rule 24.04 provides: "All offenses which are based on the same act or on two or more acts which are part of the same transaction or on two or more acts or transactions which constitute parts of a common scheme or plan may be charged in the same indictment or. information in separate counts, or in the same count when authorized by statute. Any indictment or information may contain counts for the different degrees of the same offense or for any one of such degrees." Although there are no Missouri cases specifically approving the joinder of multiple charges of the same or similar nature as those in the case at bar, the following language contained in Rule 24.04, supra, "two or more acts or transactions which constitute parts of a common scheme or plan . . . .", provides ample authority for doing so. The "printed" company checks in and of themselves had no intrinsic value. Forging the purported signature of an authorized officer of Messina Brothers Construction Company to them, coupled with an intent to utter, gave them an entirely different complexion, and in this sense the various offenses were based on "two or more acts or transactions which constitute[d] parts of a common scheme or plan." This conclusion is strengthened by cases construing the applicability of Rule 8(a) of the Federal Rules of Criminal Procedure. Rule 24.04, supra, and its federal counterpart, Rule 8(a), supra, although not cast in identical language, are substantially similar upon comparison and by judicial notation. *State v. Brannom*, 539 S.W.2d 747,

750 (Mo.App.1976). Their kindred nature is such that federal cases construing the applicability of Rule 8(a), supra, are persuasive when faced with the task of construing the applicability of Rule 24.04, supra. *State v. Johnson*, 505 S.W.2d 11, 12 (Mo.App.1974). Joining charges of burglarious theft of a credit card and use of the credit card to perpetrate a forgery in a multiple count indictment was held proper under Rule 8(a), supra, in *United States v. Leonard*, 144 U.S.App.D.C. 164, 445 F.2d 234 (1971). Likewise, in *Blunt v. United States*, 131 U.S.App.D.C. 306, 404 F.2d 1283 (1968), joining charges of robbery and theft of a checkbook and forging the purported maker's signature and uttering certain of the stolen checks in a multiple count indictment was held proper under Rule 8(a), supra. Defendant's first point of error is meritless.

Defendant's second point of error is directed towards the trial court's failure to have sustained his objection to the following portion of the state's closing argument: "Now, I do not believe—but you are the determiners of the fact—I do not believe that there was any loss in the chain of the party who presented the check and the arrest of this defendant, but that's—." At this point defendant interposed an objection. This particular point and the argument which accompanies it are far from being paragons of clarity. In an effort to place this portion of the state's closing argument in proper context, it is deemed helpful to point out that although the security officer employed by Rail Sales, Corp. momentarily lost sight of defendant shortly before his apprehension, the security officer positively identified defendant at the trial as the same person to whom he initially gave chase. Immediately after defense counsel's objection was overruled the state's attorney again reminded the jury that they were the ultimate "determiners of the fact" and that he was only "arguing" the case on behalf of the state. It is difficult for this court to perceive how the complained of portion of the state's closing argument is susceptible of being characterized, as urged by defendant, as an expression of opinion as

to the security officer's credibility as a witness. If it can in fact be so interpreted, disposition of defendant's second point is quickly resolved by a line of cases holding that a prosecutor is afforded considerable leeway in commenting on the credibility of the state's witnesses, and whether or not the bounds of propriety have been exceeded by such comments is a matter peculiarly within the sound discretion of the trial court. *State v. Sallee*, 436 S.W.2d 246, 254 (Mo.1969); and *State v. Westmoreland*, 541 S.W.2d 769, 772 (Mo.App.1976). The measure of extreme deference extended to the trial court in ruling on comparable objections is aptly illustrated by *State v. Johnson*, 293 S.W.2d 907 (Mo.1956), wherein it was held that the trial court did not abuse its discretion in overruling an objection to the following comment made by the state's attorney as to the credibility of a police officer called by the state as a witness— "when one of those men in that blue uniform gets up on this stand and raises his hand up and swears to tell the truth you can rest assured that's what he is going to do". Given this line of authority, it cannot be said that the trial court erred in overruling defendant's objection to that portion of the state's closing argument immediately heretofore mentioned.

■ Defendant's third point of error is directed towards still another portion of the state's closing argument, namely, "Now, Mr. Pelofsky says there are lots and lots of explanations about how this burglary occurred, but I didn't hear one given to you. I didn't hear him tell you about how there were excuses for this guy having—". Defendant's objection to said portion of the state's closing argument was overruled by the trial court. On appeal, defendant facilely and uninhibitedly brands this portion of the state's closing argument as both shifting the burden of proof and constituting a constitutionally impermissible comment on his Fifth Amendment right to remain silent. Defendant's dichotomous characterization of this portion of the state's closing argument is totally unsupported by the language employed by the state's attorney and literally tortures the complained of statement beyond recognition. It is unnecessary to engage in any far ranging study of legalese or exercise in semantics to conclude that the complained of portion of the state's closing argument was in retaliation to defense counsel's argument that there were numerous explanations as to how the burglary occurred. It is patent that this portion of the state's closing argument was retaliatory in nature and defendant's efforts to persuade this court otherwise are in vain. In *State v. Tiedt*, 360 Mo. 594, 229 S.W.2d 582, 588 (banc 1950), the court held that "[w]here the argument complained of on appeal is retaliatory in nature and invited by the remarks and suggestions of appellant's counsel an assignment of error thereon will not be sustained." In so holding the court recognized that a prosecutor "can go further by way of retaliation, in answering arguments of the defendant's counsel, than he would be authorized to do in the first instance." In other words, a trial court is vested with considerable discretion in permitting the use of retaliatory arguments and in refusing to declare mistrials based thereon. *State v. Smith*, 431 S.W.2d 74, 85 (Mo.1968); *State v. Cusumano*, 372 S.W.2d 860, 866 (Mo.1963); and *State v. Knighton*, 518 S.W.2d 674, 681 (Mo.App.1975). Defendant's third point of error is equally meritless.

■ By way of his fourth and final point of error, defendant argues that the trial court erred in giving Instruction No. 13[1]

---

1. "Instruction No. 13

The Court will now read to you an additional instruction which will be handed to you with additional forms of verdict.

If you unanimously find the defendant guilty as to a particular Court [sic] you should fix his punishment as to that Count. If, however, after due deliberation, you find the defendant guilty as to a particular Count but are unable to agree upon his punishment as to that Count, you will complete the verdict form so stating, and in that event the Court will fix the punishment.

You must bear in mind that under the law it is the primary duty and responsibility of the jury to determine whether the defendant is guilty or not guilty as to each Count submitted against the defendant, and if he is guilty as to any Count submitted against him to fix the punishment as to that count."

(MAI–CR 4.50), over his objection, after the jury had retired and deliberated for approximately three hours without giving any indication of where it stood on either guilt or punishment. After being given Instruction No. 13, the jury again retired and deliberated another hour and thirty minutes before returning verdicts acquitting defendant of burglary, second degree, and stealing, but finding him "guilty of Forgery, possession with intent to utter", and simultaneously announcing in said guilty verdict that they were unable to agree upon punishment. Defendant cites no pertinent or applicable authority in support of this point and his argument with respect thereto, at best, is highly convoluted. Piercing such an argument to determine its meaning is a hazardous venture. As this court can best determine, defendant fallaciously argues that submission of Instruction No. 13 tempted the jury, in the event it determined that defendant was guilty, to abdicate its responsibility to assess punishment. Defendant's argument, as construed, is not factually borne out by the record nor legally sustainable by existing authority. The "Notes on Use" appended to MAI–CR 4.50, with which Instruction No. 13 faithfully comported, specifically provide that such an instruction may be given either "(a) at the time of the submission of the case to the jury, or (b) after its submission to the jury." Said instruction is contained in the "4.00 SERIES" of "DISCRETIONARY INSTRUCTIONS". Its genesis undoubtedly lies in cases such as *State v. Brown*, 443 S.W.2d 805 (Mo.banc 1969), antedating the adoption and approval of MAI–CR 4.50 and other pattern criminal instructions, holding that a trial court is vested with broad discretion in submitting a substantially similar instruction to a jury after it has retired for deliberation, but prior to arriving at any determination of the accused's guilt or innocence. Notwithstanding an objection by the accused in *Brown*, it was held on appeal that the trial court did not abuse its discretion in giving an instruction comparable in all respects to the one presently challenged by defendant. In view of the composite

authority just cited, defendant's fourth and final point is also found to be without merit.

Judgment affirmed.

All concur.