**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Willie MACK, Defendant-Appellant.**

**No. 39271.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

Nov. 21, 1978.

Motion for Rehearing and/or Transfer to Superior Court Denied Jan. 12, 1979.

Robert E. Ahrens, St. Louis, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Kathryn Marie Krause, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard Poehling, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

CRIST, Judge.

Defendant was charged with thirteen counts of stealing over $50.00 by deceit during the years 1973, 1974 and 1975. Eight counts alleged theft from Eagle Realty Company, the managing agent for the St. Louis Land Reutilization Authority. Five counts alleged theft from St. Louis Housing Authority. The State voluntarily dismissed four of the counts at the close of its evidence.

From 1973 to 1975 the St. Louis Land Reutilization Authority and St. Louis Housing Authority (hereinafter collectively referred to as "Authorities") owned rental properties in the City of St. Louis. In the course of their business, they evicted tenants from some of these properties. After legal proceedings had been completed, the Authorities arranged for vacation of such premises. Defendant, a deputy constable in St. Louis, had knowledge of these evictions. He had a moving service, not licensed in the City of St. Louis, which had cleared, cleaned and secured evicted properties for the Authorities from time to time. He had been paid by them for this service.

The State sought to prove as to nine counts that defendant represented to Authorities that he had performed moving services for nine different housing units, and received more than $50.00 for services to each unit, when, in fact, the tenants therein had moved themselves. A jury found defendant guilty on five of the nine counts and he was fined a total of $5,000 and sentenced to a term of 2½ years in the St. Louis Medium Security Institution.

Defendant contends: (1) The thirteen count indictment should have been severed; (2) he was impermissibly restricted in his cross-examination of a witness; (3) his motion for judgment of acquittal at the close of the State's case should have been sustained; and (4) the admission of three prosecution exhibits offended the best evidence rule. We disagree.

Defendant's motion for severance was overruled before the trial began. Four of

the thirteen counts were dismissed at the end of the State's case, in the presence of the jury, for the stated reason that the State was unable to locate its witnesses. There was no objection at this time although the defendant did later object to the prosecutor's statement. Evidence was presented on nine counts showing six alleged crimes in 1975, one in 1974 and two in 1973. The jury found defendant guilty of three such crimes in 1975, one in 1974 and the other in 1973.

Rule 24.04 permits the joinder of offenses where such offenses involve "two or more acts or transactions which constitute parts of a common scheme or plan." The general body of each count was similar with the dates, addresses, amounts and victims being the only variables. The charges occurred in three different years and involved two different victims. In addition, the jury heard evidence on nine counts and heard the prosecutor, without objection, dismiss four similar counts because he was unable to locate his witnesses. The trial judge gave the jury the cautionary MAI—CR 2.70 instruction limiting the consideration of evidence to each separate count. Under these circumstances, the trial court did not abuse its discretion in its denial of the motion for severance. Broad joinder is to be encouraged. *State v. Brannom,* 539 S.W.2d 747, 750 (Mo.App.1976); *see also, State v. Van,* 543 S.W.2d 827, 831 (Mo.App. 1976).

Was defendant impermissibly restricted in his cross-examination of the president of Eagle Realty Company? The inquiry concerned the number of evictions handled by the defendant for Eagle Realty Company in 1975. Rule 84.04(h) requires that the "argument shall have specific page references to the transcript." Defendant, in the argument portion of his brief, not only omitted all specific page references to the transcript, he misquoted the question which the trial court ruled to be objectionable. Accordingly, there is nothing preserved for review. *Ward v. Johnson,* 480 S.W.2d 104 (Mo.App.1972). In any event, we have read the transcript and find no merit in the contention that his right of cross-examination was unduly restricted. *State v. Nebbitts,* 498 S.W.2d 762, 764 (Mo. 1973).

Should defendant's motion for judgment of acquittal, filed at the end of the State's case, have been sustained? First, we believe that the State made a submissible case on each of the five counts on which the jury found defendant guilty. Second, defendant waived any objection to the trial court's action in overruling such motion by thereafter submitting evidence on his own behalf. *State v. Hill,* 438 S.W.2d 244, 247 (Mo.1969).

Did the admission into evidence of State's Exhibits 20, 21 and 22 offend the best evidence rule? The records were admitted as business records of St. Louis Housing Authority. Section 490.680 RSMo. 1969. *State v. Jones,* 534 S.W.2d 556, 558 (Mo.App.1976). The exhibits consisted of St. Louis Housing Authority remittance vouchers, court papers and defendant's invoices. They showed representations of, and disbursement of funds to defendant by St. Louis Housing Authority. For the reason that the facts sought to be proved by this evidence were the representations of, and payments to, defendant, the best evidence rule did not apply. These facts existed independently of any writing. *Aviation Enterprises, Inc. v. Cline,* 395 S.W.2d 306, 308 (Mo.App.1965).

The judgment is affirmed.

DOWD, P. J., and ALDEN A. STOCKARD, Special Judge, concur.