**STATE of Missouri, Respondent,**

v.

**Jerome HOWARD, Appellant.**

No. 41463.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 29, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 20, 1980.

Robert C. Babione, Public Defender, Lyndia R. Glasgow, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

**JAMES D. CLEMENS, Senior Judge.**

This appeal challenges the joinder of separate criminal charges under Rule 24.04 V.A.M.R.Cr.

In separate counts the state charged defendant Jerome Howard, as a convicted felon, with armed robbery of one person and with stealing from the person of another. The trial court denied defendant's motion for severance. The jury found him not guilty of robbery but guilty of stealing from a person, and on that count the court sentenced defendant to the maximum term of ten years in prison.

 As his sole point on appeal defendant has preserved his challenge to the denial of his motion for separate trials. The state primarily contends joinder was proper, and alternatively that defendant was not prejudiced by the joinder. We consider these points in turn.

The state's evidence: On July 27, 1968 defendant forcibly stole Wanda Cassals' purse and in doing so cut her with a sharp instrument. He fled. (On this, the state based its charge of armed robbery.) About an hour later and several blocks away defendant forcibly stole a purse from the person of Betty Yahncke. (On this the state based its charge of stealing from the person.)

The jury found defendant not guilty of the armed robbery of Wanda Cassals, but found him guilty of stealing from the person of Betty Yahncke. The court sentenced defendant to ten years in prison. He has appealed, contending only that the court erred in denying his motion to sever the two charges.

At the core of this appeal is Rule 24.04. As pertinent here, with our emphasis added, the rule permits joinder of ". . . all offenses which are based on the same act or on two or more acts which are *part of the same transaction* or on two or more acts or transactions which constitute *parts of a common scheme or plan . . .".*

Defendant contends the record failed to show the two offenses were either part of the same transaction or were part of a common scheme or plan. The state contends, without supporting argument, that the evidence showed "common scheme" or "transaction".

We have considered cases cited by the state. In *State v. Taylor*, 567 S.W.2d 705[1, 2] (Mo.App.1978), defendant was separately charged with stealing a check protector and with using it to forge and cash the victim's checks. On appeal the court upheld joinder of the stealing and forgery because, as provided by Rule 24.04 the two offenses "constituted parts of a common scheme or plan". The state further relies on *State v. Mack*, 576 S.W.2d 550[1, 2] (Mo.App.1978), which upheld joinder of multiple counts of stealing. This on the stated ground, not shown to exist here, that the thefts "constituted parts of a common scheme or plan". Here, unlike *Taylor* and *Mack* there was no factual connection in either time, place or victim of the two offenses. Neither case supports the state's contention there was a common scheme or plan.

Closer in point is *State v. Robinson*, 591 S.W.2d 18[1, 2] (Mo.App.1980), where defendant was jointly charged with murder and malicious assault. The evidence was that defendant shot and killed the victim, stole his car and fled; while in flight he shot a policeman seeking to apprehend him. We upheld joinder under Rule 24.04 because "the offenses were based on a series of acts which were part of the same transaction". That case does not help the state because here there was no such connection between the charged armed robbery and the later theft from a person.

The state further relies on the federal case of *United States v. Lewis*, 547 F.2d 1030 (8th Cir. 1976). There two offenses were tried jointly under Sect. 8 of the Federal Rules of Criminal Procedure. That rule, as does the Missouri rule, permits joinder where the offenses are based on the same transaction or are parts of a common

scheme or plan. Unlike the Missouri rule however the federal rule also permits joinder where the offenses "are of the same or similar character". The cited case does not aid defendant here because there the defendant conceded the two charged offenses "were of similar character".

We conclude the state has failed to show the two separate offenses here, being neither the same transaction nor part of a common scheme, may properly be joined under Rule 24.04.

That conclusion is supported by two Missouri cases. In *State v. Prier*, 561 S.W.2d 437[2] (Mo.App.1978), the defendant challenged joinder of three offenses in the sales of three different controlled substances on three separate dates. On appeal the court found the offenses "involved different drugs, different times, different participants and generally different circumstances," and reversed and remanded the conviction on the ground Rule 24.04 did not authorize joinder of the three offenses.

Again, in *State v. Jackson*, 566 S.W.2d 227[5] (Mo.App.1978), defendant was jointly tried and convicted of murder and possession of heroin. The evidence was that defendant fatally shot the victim and while in flight was arrested and then had heroin in his possession. We reversed and remanded, holding the two offenses were "independent transactions, unrelated to each other, and not" as the state argues here "the product of a single or continuing motive".

We conclude the trial court erred in denying defendant's motion for separate trials and now take up the state's contention the error was harmless. We review this issue in light of the principle that in a criminal case error is presumptively prejudicial and may be ruled harmless only when the evidence overcomes the presumption of error. *State v. Spencer*, 472 S.W.2d 404[1] (Mo. 1971).

The state asserts harmless error in submitting the two counts, citing *United States v. Lewis*, 547 F.2d 1030[1–4] (8th Cir. 1977). There the defendant not only failed to preserve this point for review but on appeal conceded that "the counts were properly

joined under Fed.R.Crim.P. 8a". The case is not persuasive here.

More pertinent is *State v. Buford*, 582 S.W.2d 298[3] (Mo.App.1979), where defendant was tried jointly for robbery of one victim and for an assault a short time later upon another person at a nearby location. On appeal the court reversed and remanded for improper joinder, reasoning: "To be properly joined, the offenses *must* be part of the same transaction or part of a common scheme or plan, because to join offenses otherwise would expose the defendant to prejudice by allowing proof of the commission of unrelated crimes."

This reasoning finds support in the case of *DePugh v. United States*, 401 F.2d 346[2] (8th Cir. 1968) where on separate counts defendant was found guilty of three related fire-arm offenses. On appeal the court found two of the counts were invalid and in ruling on proper disposition of the valid count held: "We are not clairvoyant and cannot possibly ascertain the effect which the evidence produced in connection with the invalid counts of the indictment has on the jury's verdict, and certainly we cannot say with any fair assurance that the defendant's substantial rights were not affected, and, therefore, it is only proper that we remand for a new trial." So it is here.

Reasoning on the issue of ordering a new trial for error allegedly harmless was analyzed in *State v. Garrett*, 564 S.W.2d 347[2–5] (Mo.App.1978), holding that for an appellate court to find a material error was harmless "of necessity it must be able to declare beyond doubt that the tainted evidence did not affect the jury in its fact-finding process . . . An appellate court has no way of knowing—and should not speculate about—what evidence a jury did or did not believe and the extent to which that evidence entered into the jury's decision-making process. The rationale of these principles is capsulized in the judicial pronouncements that 'error in the admission of evidence should not be declared harmless unless it is so without question (*State v. Degraffenreid*, 477 S.W.2d 57[14] (Mo. 1972)), and that the record must demon-

strate that the jury disregarded or could not have been influenced by the evidence.'"

We conclude the trial court erred in denying severance and reverse and remand the case for a new trial on Count II.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.