**STATE of Missouri, Appellant,**

v.

**Dana WARREN, Respondent.**

No. 50023.

Missouri Court of Appeals,
Eastern District,
Division One.

June 3, 1986.

Rehearing Denied Oct. 1, 1986.

Eric E. Vickers, St. Louis, for appellant.

Anthony P. Gonzalez, Jeff Jamieson, St. Louis, for respondent.

SNYDER, Judge.

Defendant Dana Warren appeals from a judgment entered on a jury verdict finding him guilty on both counts of a two count information which charged him with twice patronizing prostitution in violation of § 567.030 RSMo. 1978. Appellant alleges the trial court abused its discretion when it granted the state's motion to join the two alleged offenses in one information containing two counts to be tried together. The judgment is affirmed.

Appellant chose not to file a transcript and instead requested this court to decide the appeal based on the legal file, pursuant to Rule 30.04. The following facts have been elicited from the legal file, the briefs, the oral arguments, and the exhibits filed with this case.

On August 8, 1984, appellant was charged by information with patronizing prostitution in violation of § 567.030 RSMo. 1978. The information alleged that on August 6, 1984, appellant requested a twenty year old black male to engage in deviate sexual intercourse with him in return for money. The victim was walking by himself when appellant approached him in a brown Cadillac which displayed a temporary license tag on its rear window.

On October 20, 1984, appellant was charged in a second information with patronizing prostitution in a separate incident that allegedly occurred on October 16, 1984. In the second incident, the victim, a fifteen year old black male, was walking by himself when appellant approached him in a brown Cadillac and offered the victim money in exchange for an act of deviate sexual intercourse. The victim remembered the license plate number, ran to his aunt's house, and gave the license number to his stepfather. The stepfather wrote it down on a piece of paper which was admitted as a trial exhibit. The license plate had been issued to appellant's mother.

The state's motion to join the two separate offenses, pursuant to §§ 545.880 and

545.140.2, RSMo. Cum. Supp. 1984, for the reason that the offenses are of the same or similar character, was granted, and appellant's motion to reconsider the joinder order was denied.

The state then filed an amended information joining both charges in one information alleging appellant was guilty on two counts of patronizing prostitution.

The jury trial took three days. The jury found appellant guilty on both counts and assessed his punishment on Count I at a fine, and on Count II at two months confinement and a fine. The trial court imposed fines of $500 on Count I and $250, in addition to the two month jail term, on Count II.

In appellant's sole allegation of error he asserts the trial court abused its discretion when it granted the state's motion to join the two alleged offenses in one two-count information. This point is denied.

The trial court granted the state's motion to join the two charged offenses in one information pursuant to § 545.140.2 RSMo. Cum. Supp. 1984 which reads:

> .    .    .    .    .
>
> 2. Notwithstanding Missouri supreme court rule 24.07, two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or infractions, or any combination thereof, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.
>
> .    .    .    .    .

The subsection was adopted in 1984. The parties did not cite, nor did this court find, any reported appellate decisions interpreting this new statute. This subsection is virtually identical to Federal Rule of Criminal Procedure 8(a). Therefore, federal cases interpreting Rule 8(a), although not binding, are helpful to this court in making its decision.

The Eighth Circuit Court of Appeals held that joinder of offenses under Federal Rule of Criminal Procedure 8(a) is proper where the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps. *United States v. Shearer*, 606 F.2d 819, 820 [1–2] (8th Cir.1979).

In the present case, both counts in the indictment refer to the same type of offense—patronizing prostitution by requesting another person to engage in deviate sexual intercourse with appellant for money. Both offenses occurred within a relatively short period of time—just under two and one half months.

In addition, the evidence presented on each count overlaps with the evidence on the other. Both counts involve the same automobile and an offer of the same type of deviate sexual intercourse for money. In each case, a young black man walking alone was approached by a lone man, each time identified by the victim as appellant. These facts support the trial court's order to join the two offenses pursuant to § 545.-140.2 RSMo. Cum. Supp. 1984. There was no abuse of discretion in the joining of the two offenses in one information.

Appellant argues that the joinder of the two offenses on the similar character theory prejudiced him, citing other cases noting potential sources of prejudice to a defendant by joining two or more offenses on the similar character theory. *United States v. Mullen*, 550 F.2d 373, 375 (6th Cir.1977) (Engel, J., concurring in part and dissenting in part); *Drew v. United States*, 331 F.2d 85, 88 (D.C.Cir.1964).

A review of these two cases indicates that in neither was the evidence of one of the offenses admissible in the separate trial of the other. *Mullen*, 550 F.2d at 377; *Drew*, 331 F.2d at 93. Arguably the evidence of one offense in the case under review would have been admissible in the trial of the other to show a common scheme or plan. Both offenses are the product of a single or continuing motive to participate in deviate sexual intercourse.

The evidence relating to both incidents also would have been admissible in the trial of one offense to prove identity, an exception to the rule against introducing evidence of other crimes in trials for separate offenses.

Respondent's brief refers to a motion to sever filed by appellant, but the motion filed was, in fact, a motion in opposition to the state's motion for joinder. The joinder was permitted under § 545.140.2 RSMo. Cum. Supp. 1984. The court granted the state's motion to join and denied appellant's motion in opposition.

Therefore, it was mandatory that both offenses be tried together under § 545.885 RSMo. Cum. Supp. 1984 unless the court granted a severance which the statute authorizes. Section 545.885 reads:

.  .  .  .  .

2.  If it appears that a defendant or the state is substantially prejudiced by a joinder of the offenses for trial, upon a written motion of the defendant or the state and upon a particularized showing of substantial prejudice, the court may grant a severance of offenses or provide whatever relief justice requires. For purposes of this section, "substantial prejudice" shall mean a bias or discrimination against the defendant or the state which is actually existing or real and not one which is merely imaginary, illusionary or nominal.

.  .  .  .  .

No motion to sever was filed, but if the motion in opposition to the state's motion to join is considered a motion to sever, there was no error of law or abuse of discretion in failing to sever the two offenses for trial.

Appellant relies heavily on the fact that he advanced an alibi defense against the second charge, a much stronger defense than that which he employed against the first charge, in which only appellant's credibility in denying the accusation was before the jury. He argues that his alibi defense was completely undermined by the joinder.

The argument is refuted, however, because the evidence of either offense would have been admissible in a separate trial of the other, either to show a common scheme or plan or to prove identity.

The matter of severing counts is left to the sound discretion of the trial court. Rule 24.07; *State v. Easton*, 577 S.W.2d 953, 956 [1] (Mo.App.1979), *cert. denied*, 444 U.S. 863, 100 S.Ct. 131, 62 L.Ed.2d 85 (1979). The joinder of the offenses, or the failure to sever, was not erroneous as a matter of law, and the trial court did not abuse its discretion.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.