STATE of Missouri, Respondent,

v.

Larry ROSE, Appellant.

No. WD 38052.

Missouri Court of Appeals,
Western District.

April 14, 1987.

Robert G. Duncan, Kansas City, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

KENNEDY, Judge.

Defendant was convicted upon jury trial of aiding and abetting the sale of cocaine, a Schedule II controlled substance, § 195.-020, RSMo Supp.1983, and was sentenced to five years' imprisonment. He appeals, asserting two instances of alleged trial error.

The cocaine sale was made by one Donald Griffey to an undercover agent of the Drug Enforcement Administration and a paid informant. The informant, Case, had set up the drug purchase. He had arranged with Griffey to take delivery of the drug at the Chouteau Inn, but on the pretext that he was having car trouble he asked Griffey to make delivery to the parking lot of the Knollwood Apartments complex in Avondale, in Clay County. The reason for this ruse was that the DEA had an observation post set up inside an apartment building at the Knollwood complex, from which other agents could photograph the transaction.

Griffey arrived at the parking lot at about 6:20 p.m. in a black Blazer motor vehicle with dealer license tags, driven by defendant's brother, Archie, and in which defendant was riding as a front-seat passenger. Griffey was riding in the back seat. The undercover agent and Case pretended to be working under the raised hood of their car. The Blazer parked some distance away. Defendant got out and let Griffey out. Griffey was carrying the cocaine in a paper bag from an Independence yarn store. He carried it to the undercover agent and Case. He handed it to the undercover agent, who after he had inspected the contents of the bag paid Griffey $625 in cash.

Griffey testified on behalf of the state that he deducted $25 of the cash and handed the $600 to defendant when he returned to the Blazer. He got into the Blazer, which then drove away. He further testified that he had gotten the cocaine from defendant's brother, Archie, but that the three of them had discussed the sale as they had driven from the Chouteau Inn (where he had joined the Rose brothers) to the Knollwood Apartments parking lot.

Other facts will be introduced as necessary to the disposition of defendant's points of trial error.

I

Defendant's first point is that the trial court abused its discretion in unduly limiting his cross-examination of James Case, the informant who had arranged the sale of the cocaine to the undercover agent. Case worked as a private citizen for the DEA. He was paid on a "per buy" basis, and he also was paid money for expenses. He had received over $20,000 in the preceding one-and-one-half years. Before that time he had been active in selling and in buying drugs, and had sold drugs to Griffey. He had no other employment. He had not been prosecuted for dealing in drugs. Defendant says it was error for the trial court to sustain an objection to his counsel's cross-examination question: "How long has it been since you had a job? A legitimate job?"

■ Sustaining the objection was well within its discretionary control of cross-examination. Defendant had made his point that the witness was a person of unsavory character whose credibility was liable to discount. There was no prejudice to defendant. *See United States v. Shigemura*, 682 F.2d 699, 703 (8th Cir.1982), *cert. denied*, 459 U.S. 1111, 103 S.Ct. 741, 74 L.Ed.2d 962 (1983); *State v. Glass*, 554 S.W.2d 426, 429–30 (Mo.App.1977); *State v. Parhm*, 546 S.W.2d 17, 19–20 (Mo.App. 1976).

## II

Defendant's second point is that the court erred in allowing proof of an earlier drug sale, on September 5, at Chouteau Inn, in which the same parties were involved (except defendant's brother, Archie, who was driving the Blazer at the time of the September 10 sale. The driver of the jeep at the time of the September 5 Chouteau Inn sale was not identified.). On this occasion, according to Case's testimony, Griffey had sold him drugs from a jeep in which defendant was a passenger. Undercover agent Lamere testified that the vehicle at the Chouteau Inn was a "very similar" vehicle to the one in which Griffey and the Rose brothers arrived at the apartment parking lot on September 10, with the same dealers tag license plate. We omit evidence tending to show defendant was not present at the September 5 Chouteau Inn sale. *See State v. Haymon*, 616 S.W.2d 805 (Mo. banc 1981), *cert. denied*, 454 U.S. 972, 102 S.Ct. 521, 70 L.Ed.2d 391 (1981) (no error in admitting testimony regarding defendant's involvement in another crime even though contradicted by another state witness).

Defendant's own testimony was that on September 10 he and his brother, Archie, who were engaged in the used car busi-ness, were out checking for cars to purchase. They stopped in at the Chouteau Inn, where they saw Griffey. Griffey asked them for a ride to see some men about working on his car. He and his brother drove Griffey to Knollwood Apartments and then back to the Chouteau Inn. This was between 4:00 p.m. and 6:00 p.m. He and his brother, after returning Griffey to the Chouteau Inn, proceeded to check car dealers north of the river for cars. Defendant denied any knowledge of Griffey's sale and denied receiving the money.

■ The general rule is that evidence of defendant's other unrelated crimes should be excluded. *State v. Lee*, 486 S.W.2d 412, 414 (Mo.1972); *State v. Reese*, 274 S.W.2d 304, 307 (Mo. banc 1954). If, however, it is actually relevant to prove defendant's guilt of the particular crime of which he is being tried, and not merely to show his bad character or his disposition to commit the crime, then it is admissible. If proof of the other crime tends to show his *intent* in the present instance, that proof is admissible.[1] *State v. Moss*, 627 S.W.2d 667, 668 (Mo.App.1982); *State v. Williams*, 584 S.W.2d 134, 135 (Mo.App.1979).

■ In this case, proof of the September 5 incident was admissible to prove that defendant acted *knowingly* in accompanying Griffey to the Knollwood parking lot to consummate the sale of the cocaine. *State v. Pilchak*, 655 S.W.2d 646, 650–51 (Mo. App.1983); *State v. Cheesebrew*, 575 S.W.2d 218, 222–23 (Mo.App.1978). That was a necessary part of the state's proof. Sec. 562.021.2, RSMo 1978.

■ It may be true, as defendant argues, that evidence of other offenses is not admissible to show intent where the proven facts are such that the defendant was bound to know the nature and character of his act, so that no genuine issue or controversy exists regarding intent. *State v.*

---

1. Rule 404(b) of the Federal Rules of Evidence reads as follows:

    Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

*Shilkett,* 356 Mo. 1081, 204 S.W.2d 920, 923 (1947); *State v. Wilcox,* 44 S.W.2d 85, 89 (Mo.1931). *See generally* E. Cleary, McCormick on Evidence § 190 at 564–65 (3d ed. 1984). However, "where different inferences may fairly and reasonably be drawn regarding the intent with which the alleged criminal act was done or where the surrounding circumstances are such as to be susceptible of an interpretation indicating innocence," evidence of other crimes is admissible for the purpose of showing that the accused acted with the requisite intent. *State v. Shilkett,* 204 S.W.2d at 923. Defendant Rose offered an innocent explanation for his involvement in the illicit transaction which took place on September 10. Evidence of his participation in the earlier sale was admissible to counter the proffered lack of knowledge or intent. *State v. Dees,* 276 S.W.2d 201, 207 (Mo.1955); *State v. Hawley,* 51 S.W.2d 77, 78 (Mo.1932); 22 C.J.S. 2d Criminal Law § 683 (1961).

The court in the exercise of discretion may exclude evidence of other crimes, even though relevant, if it deems the possible prejudice to defendant to outweigh its relevancy. *See State v. Ford,* 677 S.W.2d 352, 355 (Mo.App.1984). We have considered whether the trial court abused its discretion in admitting this evidence, and have concluded that it did not.

Judgment affirmed.

All concur.