STATE of Missouri,
Plaintiff-Respondent,

v.

Aaron D. DAVIS, Defendant-Appellant.

No. 14949.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 26, 1987.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 16, 1987.

Application to Transfer Denied
Nov. 17, 1987.

William L. Webster, Atty. Gen., Elizabeth A. Levin, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Nancy McKerrow, Columbia, for defendant-appellant.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of two counts of robbery and two counts of armed criminal action. He appeals, presenting two points relied on.

Defendant contends in his first point that the trial court erred in overruling his motion to modify MAI–CR2d 1.02 and 2.20 by redefining "reasonable doubt" and in giving an instruction patterned after MAI–CR2d 2.20 because that instruction defines proof beyond a reasonable doubt as proof that leaves jurors "firmly convinced". In *State v. Pendergrass*, 726 S.W.2d 831, 833–834 (Mo.App.1987), this district found that such a definition of reasonable doubt was not prejudicial. Our supreme court stated in *State v. Guinan*, 732 S.W.2d 174, 178 (Mo. banc 1987), that "when read as a whole, MAI–CR2d 2.20 properly instruct the jury upon the standard which they are to use in determining the defendant's guilt or innocence." Following those decisions we find no error here. This point is denied.

In his second point defendant contends that the trial court abused its discretion in denying his motion to sever counts for robbery and armed criminal action occurring at a "Pronto Store", with counts relating to robbery and armed criminal action regarding a robbery of Allen Webster near his home. The written motion was

filed July 11, 1986, and denied after hearing on July 14, 1986. Trial commenced on August 29, 1986.

In this point defendant also contends that the trial court erred in allowing those counts to be joined. However, his motion for new trial does not allege error regarding the joinder. There is a distinction between the proper joinder of charges and their severance for trial. *State v. Sanders,* 714 S.W.2d 578, 584, n. 1 (Mo.App.1986); *State v. Harris,* 705 S.W.2d 544, 547 (Mo. App.1986). See also *United States v. Werner,* 620 F.2d 922, 926 (2d Cir.1980) (question of joinder and separate trials "quite different in nature, although some decisions tend to obscure this").

Rule 23.05 and § 545.140.2, RSMo 1986, pertain to joinder of offenses against one defendant. Rule 24.07 and § 545.885.2, RSMo 1986, provide for severance of offenses. As the question of joinder was not raised in the motion for new trial, it is not preserved for our review. *State v. Sanders,* supra; *State v. Beal,* 699 S.W.2d 66, 67–68 (Mo.App.1985). Therefore, we consider only whether the trial court erred in not severing the offenses. Rule 24.07 provides:

> When a defendant is charged with more than one offense in the same indictment or information, the offenses shall be tried jointly unless the court orders an offense to be tried separately. An offense shall be ordered to be tried separately only if:
>
> (a) A party files a written motion requesting a separate trial of the offense;
>
> (b) A party makes a particularized showing of substantial prejudice if the offense is not tried separately; and
>
> (c) The court finds the existence of a bias or discrimination against the party that requires a separate trial of the offense.

Whether offenses should be severed is addressed to the discretion of the trial court. *State v. Clark,* 729 S.W.2d 579, 581 (Mo.App.1987). In deciding whether to grant a motion to sever, the trial court should weigh the benefits of saving judicial time by trying the offenses together

against the potential prejudice to the defendant. *Id.* 729 S.W.2d at 582–583.

The robbery of Allen Webster occurred at approximately 8:15 p.m. on January 28, 1986, as Webster arrived home from work and was getting out of his car. The robbery at the Pronto Store, a convenience store, occurred at approximately 12:50 a.m. on January 29, 1986. Both robberies occurred in Joplin and were committed by a masked man using a small chrome plated automatic pistol. Shortly after the clerk at the Pronto Store was robbed defendant was arrested in a vehicle he drove from the Pronto Store. At the time of his arrest a chrome plated small caliber automatic pistol, a woman's stocking, and Webster's billfold were in the vehicle. Webster testified that the chrome plated pistol found in the vehicle was "a smaller weapon than he [the robber] had" when Webster was robbed.

The crimes here were not so similar that evidence of either would have been admissible in a separate trial of the other to show a common scheme or plan or to prove identity. That would have eliminated any prejudice to defendant. See *State v. Warren,* 717 S.W.2d 231, 233 (Mo.App.1986). The robberies were committed approximately four-and-one-half hours apart in Joplin. The perpetrator of each wore a "light" mask covering his entire face and carried a chrome plated automatic pistol. Such a mask and gun are not unusual. Although the robberies could have been committed by the same man, their similarities were not such that they strongly indicate that the same man committed them both.

We find no comparable cases since § 545.885, RSMo 1986, became effective in 1984 and Rule 24.07 was last amended, effective July 1, 1986. Therefore, in determining if defendant was prejudiced by trying the offenses together, we look to cases decided before Rule 24.07 was in its present form and before § 545.885, RSMo 1986, was enacted.

*State v. Buford,* 582 S.W.2d 298 (Mo. App.1979), held that the trial court abused its discretion by failing to sever charges against the defendant. The court stated that for the cases to be tried together they

must be a part of the same transaction or part of a common scheme or plan, "because to join offenses otherwise would expose the defendant to prejudice by allowing proof of the commission of unrelated crimes." 582 S.W.2d at 302. Trying together a robbery and assault and an assault occurring a short time later were held to be error. Although the two assaults were close in time, they were not shown to be motivated by a common scheme or plan, and could not be described as part of the same transaction.

*State v. Howard*, 601 S.W.2d 308 (Mo. App.1980), held error the denial of a motion for separate trials. Defendant stole a purse and cut the female owner with a sharp instrument and fled. About an hour later and several blocks away he stole a purse from another woman. The court held that the defendant was prejudiced by the offenses being tried together. See also *State v. Prier*, 561 S.W.2d 437 (Mo.App. 1978) (error to try defendant for three offenses of sales of illegal drugs to same person on March 12, 1975, March 20, and May 9, 1975).

In *State v. Wood*, 613 S.W.2d 898 (Mo. App.1981), defendant was charged with a robbery that occurred on March 26, 1979, at approximately 11:45 p.m. to 12:00 midnight at the Quality Inn on East 31st Street in Kansas City. He was also charged with a robbery that occurred at approximately 12:20 or 12:25 a.m. on March 27, 1979, at the Four Acre Motel on South Highway 71 in Kansas City. The trial court found error in failing to sever the counts charging those robberies.

If evidence of the other crime or crimes charged would not have been before the jury unless the offenses were tried together then defendant is prejudiced by the failure to sever them. Trying them together brings in evidence that is likely to be prejudicial. Evidence of other crimes "is highly prejudicial [citing case] ... and should be received only when there is strict necessity" in support of such issues as motive, intent, the absence of mistake or accident, common scheme or plan or identity of the defendant. *State v. Collins*, 669 S.W.2d 933, 936 (Mo. banc 1984). We conclude that unless the evidence showing each of the crimes would have been admissible in the other, then ordinarily the defendant is prejudiced by trying the cases together.

The evidence that defendant committed the robbery at the Pronto Store was much stronger than was the evidence that he robbed Webster, and could have caused the jury to believe that defendant committed the earlier robbery of Webster. Whether it did affect the jury we do not know. "An appellate court has no way of knowing—and should not speculate about—what evidence a jury did or did not believe and the extent to which that evidence entered into the jury's decision-making process. The rationale of these principles is capsulized in the judicial pronouncements that 'error in the admission of evidence should not be declared harmless unless it is so without question [citing cases] and that the record must demonstrate that the jury disregarded or could not have been influenced by the evidence.' " *State v. Howard*, supra, 601 S.W.2d at 310–311.

There was a sufficient showing of substantial prejudice and of potential bias by the evidence of both offenses being presented that they require separate trials under Rule 24.07. We determine that the trial court abused its discretion in not so ordering.

The judgment is reversed and the cause remanded to the trial court with directions that separate trials be had of the offenses charged under Counts I and II of the information with the offenses charged by Counts III and IV.

HOGAN, FLANIGAN and MAUS, JJ., concur.