**Carl Edward MILLER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 9384.**

United States Court of Appeals
Tenth Circuit.

March 12, 1968.

Rehearing Denied May 13, 1968.

John D. Harris, Tulsa, Okl., for appellant.

Lawrence A. McSoud, U. S. Atty., for appellee.

Before HILL and SETH, Circuit Judges, and DOYLE, District Judge.

SETH, Circuit Judge.

The appellant Carl Miller and his brother Glenn Miller were indicted under a multiple count indictment charging violations of 18 U.S.C.A. § 472, uttering counterfeit federal reserve notes. The defendants were tried together and the jury found them guilty. Following the convictions the defendant Glenn Miller died, and the judgment and sentence were abated as to him. Thus this appeal concerns only Carl Miller, and the sole question raised is whether or not the evidence is sufficient to sustain the conviction.

This appellant was convicted on two counts for aiding and abetting his brother Glenn in passing and uttering counterfeit bills, and on one count of passing and uttering such bills.

The record shows that the two brothers entered a bar known as the Pub together late in the evening and sat in a booth. They ordered two beers and the decedent Glenn Miller paid for them with a twenty dollar bill and received change. A short time later Glenn Miller offered to buy a round of beer for those present in the bar, and he paid for these with another twenty dollar bill. The record shows that the appellant Carl Miller during this time was seated in the booth talking to a woman friend of his, and did not participate in the activities of Glenn Miller other than being present. After Glenn Miller had given the second twenty dollar bill, the barmaid became suspicious that the bills were counterfeit and asked the patrons of the bar generally whether they knew if " * * * twenties have the same serial number." Very shortly thereafter she noticed that both Carl Miller and Glenn Miller had left the bar and that they had not finished their drinks. The barmaid later turned over the bills to the authorities; they were found to be coun-

terfeit, and both bore the same serial number.

About an hour after the Pub incident the two brothers entered another bar known as the Redwood Club and bought two separate orders of beer. One of the orders was paid for by Glenn Miller with a twenty dollar bill, and the other order was paid for by the appellant also with a twenty dollar bill. No question was then raised as to the bills used for these purchases. The brothers also played some pool in this club, and left when the owner arrived. They had stayed there thirty-five to forty-five minutes. There is conflicting testimony as to whether or not they had finished the game when the owner arrived; that is, whether they departed hastily or not.

As to the twenty dollar bills at the Redwood bar, the testimony raises a doubt as to whether or not a counterfeit bill which was later found with the cash at the bar was passed by the appellant Carl Miller. The bartender testified when he went on duty, there was one twenty dollar bill in the cash register, and that the Miller brothers gave him two twenty dollar bills. During the evening, the bar owner arrived while the Miller brothers were there and took one twenty dollar bill from the cash register and gave the bartender change for it. The owner apparently put this bill in his wallet. Somewhat later in the evening when a police officer inquired as to counterfeit twenty dollar bills, one was found in the cash register and one was found in the wallet of the owner. The owner had other bills in his wallet at the time. These two counterfeit bills found at the Redwood Club bore the same serial number and this number was the same as on the bills passed at the Pub Bar by Glenn Miller.

Glenn Miller was well known to the barmaid at the Pub Bar and to the bartender and the owner of the Redwood Club.

The two brothers, later the same night or early the next morning, were arrested at another club and were searched, but

no counterfeit currency was found on either of them. The appellant Carl Miller at the time of search had about $72.00 in cash in his pockets, and his brother had a larger amount including a one hundred dollar bill.

The defendants testified that they had been playing pool off and on the whole night and had been gambling on pool games and in card games. The appellant testified he started the evening with the proceeds of his pay check in the amount of $163.56, and that he asked his brother Glenn to change a one hundred dollar bill for him at the beginning of the evening and received five twenty dollar bills. Thereafter they visited various bars and clubs. The appellant testified that he won and lost during the evening, and at one time had to borrow an additional ten dollars from his brother. The appellant testified he paid for the drinks at the Redwood Club with a twenty dollar bill.

Glenn Miller testified he was a gambler by profession, and that he had a lengthy police record including a number of felony convictions. The appellant Carl Miller testified he had no criminal record except one public drunk charge, and he was steadily employed by an electrical company.

■ There is insufficient evidence in the record to convict the appellant on the two counts of aiding and abetting his brother in passing the bills at the Pub Bar. The appellant did not participate in any way in passing the bills, and there is no evidence to show any knowledge on his part that the bills were counterfeit. The most that it shows is that the two brothers entered the bar together, Glenn Miller passed two bills, and they departed together when the barmaid questioned the bills.

At the Redwood Club, Glenn Miller and the appellant each paid for a round of drinks with a twenty dollar bill. The evidence is, however, far from clear as to whether or not the bill used by appellant was counterfeit. As indicated above, there was one twenty dollar bill in the register at the time, and a bill was re-

moved by the owner from the register and placed with other bills in the owner's wallet. It does not appear that the Government proved beyond a reasonable doubt that the counterfeit bill found sometime later on the bar owner's person or the bill later found in the register were passed by Carl Miller.

It should be noted that the serial number on the Redwood Club bills was the same as on the bills passed by Glenn Miller at the Pub Bar. This certainly is a significant fact, but when considered with the other evidence relating to Carl Miller is not sufficient to support his conviction. The record shows that there were a number of counterfeit bills in circulation in Tulsa at the time of this incident. A Secret Service Agent testified that five or six thousand dollars worth of twenty dollar bills had been recovered during that year. The testimony did not show that these bills or other counterfeit bills in circulation were the same as those here involved.

■ The use of a counterfeit bill by an individual is not sufficient to establish knowledge that it was counterfeit. United States v. Litberg, 175 F.2d 20 (7th Cir.). Of course the jury has a right to evaluate the overall actions of a person charged, and knowledge and intent may be inferred therefrom. United States v. Carlson, 359 F.2d 592 (3d Cir.). In the case at bar the evidence can be said to have created a suspicion of guilty knowledge on the part of the appellant, but this is not sufficient. United States v. Berkley, 288 F.2d 713 (6th Cir.).

The Government relies to a considerable extent on its argument on the evidence of "flight" by the defendants. This refers to the departure from the bars by the defendants. As to their departure from the Pub Bar, this has some relevance to show the two stayed together; however, it is difficult to see how it can be used to demonstrate knowledge or intent on the part of the appellant. This factor was considered by our court in Burroughs v. United States, 365 F.2d 431 (10th Cir.).

The other principal point urged by the Government is that Glenn Miller at the Pub Bar used a twenty dollar bill for each of the two purchases, and that each of the brothers used a twenty dollar bill for the purchases at the Redwood Club. At no time at either of the two bars in making purchases of beer did the defendants use anything smaller than a twenty dollar bill. This evidence is effective against Glenn Miller, but again it has little weight as to the appellant. Appellant made no purchase at the first bar, but did purchase a round of drinks at the Redwood Club using a twenty dollar bill. One purchase with a twenty dollar bill is not significant. There is no evidence as to what other money he then had as there was for Glenn Miller upon his second purchase. See Ruiz v. United States, 374 F.2d 619 (5th Cir.).

The judgment is reversed with directions to grant appellant's motion for judgment of acquittal.