**UNITED STATES of America,**
**Appellee,**

v.

**Robert DODD, Appellant.**

**No. 20725.**

United States Court of Appeals,
Eighth Circuit.

June 29, 1971.

As Amended on Denial of Rehearing
Aug. 13, 1971.

Theodore S. Schechter, Clayton, Mo., for appellant.

William C. Martin, Asst. U. S. Atty., Daniel Bartlett, Jr., U. S. Atty., St. Louis, Mo., for appellee.

Before GIBSON and ROSS, Circuit Judges, and EISELE, District Judge.

PER CURIAM.

This is a direct criminal appeal from Dodd's conviction under a two count indictment, for willfully and knowingly passing altered federal reserve notes, with intent to defraud, in violation of 18 U.S.C. § 472. We affirm the judgment of conviction.

The federal reserve notes in question were $1 bills. They had been altered by pasting four corners from $10 bills on to the face of the $1 bills so as to make the face of the $1 bills appear to be $10 bills. Apparently two corners were cut from each of two $10 bills, leaving these two

$10 bills with only two corners each. According to the testimony of the recipients, Dodd passed six of the altered $1 bills to Walter Simms to pay for repairs on his car and passed two of them to Bernard Rosenberg to pay for eye glasses. Simms testified that in paying the bill to him, Dodd also used two $10 bills with two corners removed from each bill. Dodd was well acquainted with both Simms and Rosenberg prior to passing the bills.

Dodd contends on appeal that the trial court should have sustained his motion for acquittal made at the close of the government's case, or in the alternative, the motion for acquittal made at the close of the entire case, for the reason "that the government offered no evidence from which the jury could find, beyond a reasonable doubt, that the defendant willfully and knowingly and with intent to defraud passed the notes * * *." He does not admit or deny passing the bills, but claims that if he did, he did not know they were altered at the time and thus did not do so willfully and knowingly and did not have the requisite intent to defraud required by the statute. Since both Simms and Rosenberg were prior acquaintances who could easily identify him, he claims this conduct is more consistent with the hypothesis of innocence than the hypothesis of guilt relying on United States v. Litberg, 175 F.2d 20, 23 (7th Cir. 1949), in which the court stated as follows:

> "Moreover, it is almost incredible that a person of normal intelligence if he knowingly had counterfeit money in his pocket would pass by a number of places where he was a stranger and wait until he arrived at a place where everybody knew him to display his knowledge and perpetrate his fraud."

We believe Dodd's reliance on *Litberg, supra,* is misplaced. In that case, the only circumstance from which knowledge could be inferred was the testimony that the defendant, while intoxicated, lit a cigar with a $5 bill. In the instant case there are other more compelling reasons for the conclusion that Dodd knew that the bills were altered.

First, he passed the bills in two different business establishments, six at one and two at the other. Litberg passed only two bills, both in the same place of business.

Second, at the same time, he also passed two $10 bills with the corners cut out.

Third, only one side of the bills was altered and the face of George Washington was still present on the altered side. This is important for two reasons: It is not likely that Dodd would fail to notice that at least one of these eight bills was altered since all he had to do was turn it over or notice the face of George Washington on the bill. In addition, and most importantly, in order to pass the bills, he had to pass each of them face up. The jury could properly determine from the evidence that it was highly unlikely that he could have accidentally passed all eight bills face up, especially when he also passed two $10 bills with two corners cut out of each.

In review of the record, and considering the evidence and the permissible inferences therefrom in the light most favorable to the government as the prevailing party in the jury trial, we are satisfied that there is sufficient evidence to sustain a conviction under each of the counts. United States v. Prionas, 438 F.2d 1049, 1052 (8th Cir. 1971); United States v. Scarpellino, 431 F.2d 475, 477 (8th Cir. 1970); Gay v. United States, 408 F.2d 923, 929 (8th Cir.), cert. denied, 396 U.S. 823, 90 S.Ct. 65, 24 L.Ed.2d 74 (1969).

Judgment affirmed.