UNITED STATES of America, Plaintiff-Appellee,

v.

Bobby Gene DRUMRIGHT, Defendant-Appellant.

No. 75–1505.

United States Court of Appeals, Tenth Circuit.

Argued March 23, 1976.

Decided April 12, 1976.

Rehearing Denied May 13, 1976.

Morton L. Davis, Aurora, Colo., for defendant-appellant.

Daniel T. Smith, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for plaintiff-appellee.

Before McWILLIAMS, BREITENSTEIN and DOYLE, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found defendant-appellant Drumright guilty of passing and uttering a falsely made and altered obligation of the United States with intent to defraud, in violation of 18 U.S.C. § 472. He has appealed from the judgment pronouncing sentence. We affirm.

Defendant purchased merchandise costing less than $10.00 from a Duckwall's store in Wray, Colorado. He asked the cashier whether she wanted "fifty or a hundred." She replied that she had change for the fifty. Defendant then tossed a folded bill into the drawer of the cash register. When counting the store's receipts later in the day, the manager became suspicious of the bill and notified the police. Three days earlier the defendant had used a mutilated $50 bill for the purchase of goods at the Tri-State store. The bank in which the bill

was deposited separated it from the other currency because it was mutilated and later turned it over to investigating officers. Defendant was identified as having passed both the Duckwall's and the Tri-State bills.

The charge relates to the Duckwall's bill. It was made of parts of three bills fastened together with transparent tape. Both sides were portions torn from $50 bills. The middle was torn from a $1 bill. That portion of a $50 bill used for the right side of the Duckwall's bill when lying face up matches the torn edge of the Tri-State bill when seen face up. Thus, the portion torn from the left face side of the Tri-State bill was used to make the right face side of the Duckwall's bill. The beginning letter and the first figure of the serial number of the right side of the Duckwall's bill correspond with that portion of the serial number of the Tri-State bill.

■ Defendant complains of the admission of the two bills into evidence. He says that the Tri-State bill was irrelevant to the case. The relationship between the two bills was established. Defendant used each bill in purchasing merchandise. The Tri-State bill was pertinent to the knowledge and intent of the defendant in passing the Duckwall's bill. The court did not abuse its discretion in receiving the Tri-State bill. *United States v. Baca*, 10 Cir., 444 F.2d 1292, 1294–1295, cert. denied 404 U.S. 979, 92 S.Ct. 347, 30 L.Ed.2d 294, and cases there cited. The objection to the Duckwall's bill goes to the chain of custody. Lack of positive identification affects the weight of the evidence rather than its admissibility. *United States v. Wilson*, 5 Cir., 451, F.2d 209, 213, cert. denied sub nom. *Fairman v. United States*, 405 U.S. 1032, 92 S.Ct. 1298, 31 L.Ed.2d 490, and *United States v. Rizzo*, 7 Cir., 418 F.2d 71, 81, cert. denied sub nom. *Tornabene v. United States*, 397 U.S. 967, 90 S.Ct. 1006, 25 L.Ed.2d 260. The court acted within its discretion in receiving the Duckwall's bill.

■ The elements of the offense proscribed by § 472 are the passing or uttering of a falsely made and altered obligation of the United States with intent to defraud.

The Duckwall's bill purported to be a Federal Reserve Note which, by definition found in 18 U.S.C. § 8, is an obligation of the United States. The bill was both falsely made and altered. Defendant argues that, because part of the Duckwall's bill was worth $50, commission of the crime was legally impossible. A Federal Reserve Bank representative testified that if only the larger $50 portion of the Duckwall's bill had been presented to the Federal Reserve Bank it would have been redeemed in its full amount because it represented more than half of a $50 bill. He also testified that, in the form in which the bill had been presented to the store, redemption would not have been made. The value of the altered obligation is immaterial. As said in *Errington v. Hudspeth*, 10 Cir., 110 F.2d 384, 386, cert. denied 310 U.S. 638, 60 S.Ct. 1087, 84 L.Ed. 1407: "The alteration of an obligation of the United States with intent to defraud, which is penalized by the statute, need not be an alteration which destroys or impairs the validity of the obligation." See also *Foster v. United States*, 10 Cir., 76 F.2d 183, 184.

■ Defendant urges that the Duckwall's bill was not of an appearance calculated to deceive an unsuspecting person of ordinary observation and care and, hence, did not meet the test stated in *United States v. Chodor*, 1 Cir., 479 F.2d 661, 664, cert. denied 414 U.S. 912, 94 S.Ct. 254, 38 L.Ed.2d 151. The Duckwall's bill was a falsely made and altered obligation of the United States because it was composed of parts of three genuine bills which had been fastened together with transparent tape. When folded with the right half of the obverse side showing, it has the appearance of a good $50 bill. The clerk at Duckwall's testified that defendant tossed the folded bill into the cash register. She did not see the front side or the other half of the back side. Although the workmanship on the bill was crude, it was of such character that under favorable circumstances it could be uttered and accepted as genuine. Those circumstances are presented in the peculiar facts of this case and are sufficient to es-

tablish a violation of the statute. *United States v. Johnson*, 9 Cir., 434 F.2d 827, 829.

 The evidence is said to be insufficient to sustain the verdict because there was no proof of defendant's knowledge or intent. *Miller v. United States*, 10 Cir., 392 F.2d 790, 792, says that use of a counterfeit bill is not sufficient to convict, that knowledge and intent may be inferred from defendant's actions, and that suspicion of guilty knowledge is not enough. Here, we have more than use and suspicion. Defendant is connected with both of the $50 bills and used them to purchase merchandise. The interrelationship of the two bills is established. His explanation of how he got the bills is not convincing. The verdict of the jury must be sustained if, taking the view most favorable to the government, substantial evidence and reasonable inferences therefrom, support the action of the jury. *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704. Defendant argues that the evidence is insufficient because it does not exclude every reasonable hypothesis other than that of guilt. We have rejected this concept. See *Golubin v. United States*, 10 Cir., 393 F.2d 590, 592, cert. denied 393 U.S. 831, 89 S.Ct. 100, 21 L.Ed.2d 102, and *Wall v. United States*, 10 Cir., 384 F.2d 758, 762. The test is proof beyond a reasonable doubt. Ibid. The jury was properly instructed on reasonable doubt. We will not disturb the verdict of the jury.

Defendant urges that the court erred in not giving his tendered instruction that the defendant was not charged with having made or altered the Duckwall's bill. It suffices to say that the instructions were complete, precise, and free from error.

Affirmed.