STATE of Missouri, Respondent,

v.

Aaron ADAIL, Appellant.

No. 37479.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 16, 1977.

Crouppen, Walther, Zwibelman & Walsh, P. C., Robert J. Walsh, St. Louis, for appellant.

Paul Robert Otto, Bruce Anderson, Asst. Attys. Gen., Jefferson City, Courtney Goodman, Pros. Atty., George R. Westfall, Asst Pros. Atty., Clayton, for respondent.

SMITH, Judge.

Defendant appeals from four convictions of armed robbery and the resultant 20 year terms to be served concurrently. Defendant was tried by a jury and sentenced by the court under the Second Offender Act.

Defendant raises three contentions on appeal: (1) that the court erred in allowing testimony by witnesses regarding line-up identification; (2) the court erred in denying defendant's motion to suppress identification because the line-up was tainted; (3) the court erred in allowing testimony of another crime. We affirm.

Although no attack upon the sufficiency of the evidence has been made, it is necessary to set out the rather novel factual situation giving rise to the convictions.

On October 8, 1974, two students at Northwest High School in the City of St. Louis were robbed at gunpoint in the City. (The City robbery). This crime occurred at 8:00 to 8:15 a.m. The robbers, using a pistol and two sawed-off shotguns, took watches, sunglasses, a ring, a leather coat and money from the victims. One victim, Arlee Hayes, identified the three robbers at a line-up. These three, all black males, were Harold Guy, Archie Teycial, and defendant. Hayes positively identified defendant in court as one of the robbers. This robbery was not one of those for which defendant was on trial, and Hayes' identification was the only in-court identification of defendant as a participant in any of the robberies on October 8. The other victim could not identify the robbers, but did identify from a picture the automobile in which defendant, Guy and Teycial were apprehended as the automobile used by the robbers. This automobile identification was confirmed by Hayes.

At approximately 8:25 or 8:30 a.m. on October 8, a group of students were assembled at the corner of Pasadena and Sylvan in St. Louis County. That location is within 3 miles and ten minutes driving time of the site of the City robbery. Some of the group were Normandy High School students and junior high students waiting for buses to school; the rest were children going to

nearby Garfield Elementary School. Three black males were seen by a witness, Mr. Patrick, to exit from a car near Garfield school, take a sawed-off shotgun and pistol from the trunk of the car, and proceed toward the Pasadena/Sylvan intersection. The witness stated he saw the three men return in three to five minutes, put coats in the trunk and drive off. He identified the car as the same one portrayed in the photograph identified by the City victims. Several students at the Pasadena/Sylvan intersection testified they were robbed of money and leather coats by men with sawed-off shotguns or a pistol. The students' testimony and that of a school administrator, Mr. Greer, warrant the conclusion that the three men split up at the time of the robberies, with two of them robbing one group of students and the other man robbing a second group nearby. The students testified they saw two men or one man robbing them or other students. Mr. Greer testified that when the robbers saw him two of them ran from one group of students, the third man ran from the second group and the three ran together to a car. All three were carrying coats. Mr. Greer recognized Harold Guy, whom he had taught, and a second man, whose name he could not remember, but he believed Teycial sounded familiar. He did not recognize the third man although defendant would fit the general description of the third man. All three entered a car belonging to the Guy family which Mr. Greer identified as the same one seen by Mr. Patrick and the City robbery victims. None of the witnesses to the County robbery could identify all three men. Several identified Guy or Teycial, or both, at a line-up on October 8. One student identified defendant, at that line-up as the man who robbed him but was unable to make a positive in-court identification because it had been "too long."

At 9:30 a.m. on October 8, police officers stopped the automobile identified by the various witnesses. Guy, Teycial and defendant were in the car. A search of the truck yielded two sawed-off shotguns and a leather coat.

Defendant objected on hearsay grounds to the testimony of the various witnesses concerning their line-up identifications of Guy, Teycial and defendant. He broadened his attack here and in the trial court somewhat to assert that such testimony is not admissible at all in the absence of an in-court identification by the witness. The hearsay contention is disposed of by *State v. Pitchford*, 324 S.W.2d 684 (Mo. 1959) [1, 2]. The testimony of the witness who made the identification is not hearsay. He is testifying concerning facts of which he has personal knowledge and is subject to confrontation and cross-examination. Defendant has presented us with no authority which precludes testimony of an extrajudicial identification in the absence of an in-court identification. *State v. Sigh*, 470 S.W.2d 503 (Mo. banc 1971) [2], *State v. Nolan*, 171 S.W.2d 653 (Mo.1943) [5], and *State v. Buschman*, 325 Mo. 553, 29 S.W.2d 688 (1930) support the conclusion that such testimony is admissible. Further, it is reasonable that such testimony would be admissible. The identification made at the line-up occurs much closer to the time of the crime than the trial (here the same day vis-a-vis 10 months later). If done under non-suggestive circumstances, such an identification may well be more reliable than one made at the time of trial. We find no basis for concluding that such identification is inadmissible. The inability of the witness to make an in-court identification goes to the weight of the witness' testimony but not to its admissibility.

Defendant filed a motion to suppress identification which, after hearing, was denied. No objection to the admission of such testimony was made during the trial as to any witness except the one witness who identified defendant in the line-up. Only the admission of the testimony of that witness has been preserved. Defendant contends the testimony was improperly admitted because the line-up was tainted and suggestive. The line-up was viewed individually by the witness and no suggestions or statements were made to him by the police. The participants in the line-up were four men, all suspects. After viewing the line-up, other witnesses to the County robberies had returned to the room where the witness was waiting prior to viewing the line-up, and some light discussion occurred as to who the returning witness had selected. Defendant was identified by only one witness and that witness identified no one else. While we do not advocate procedures which allow comparison of thoughts between witnesses, some of whom have not yet viewed the line-up, we find no suggestiveness in the identification here. Obviously, the witness who identified defendant did not base that identification upon suggestions from other viewers as only he identified defendant. This is reasonable as he was robbed by the single man, not by two men, as the other witnesses were. That all four men were suspects also does not indicate suggestiveness. *State v. Jones*, 528 S.W.2d 14 (Mo.App.1975). It appears from the record that one man was not identified by anyone, defendant was identified by only one witness whom he had robbed, no witness identified more than two men, and those who identified two men were in the group robbed by those two, Guy and Teycial. The identification was made shortly after the crime, the witness had adequate time to view defendant in broad daylight under circumstances where he would be inclined to notice and remember a man holding a sawed-off shotgun on him. We find no error in the court's action in denying the motion to suppress and in admitting the testimony of identification.

Defendant's remaining point is that the court erred in admitting evidence of the City robbery as that was evidence of a separate crime. Such evidence is admissible if it tends to establish motive, intent, absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, or identity. *State v. Reese*, 364 Mo. 1221, 274 S.W.2d 304 (1954). We find here the evidence tends to establish a common scheme or plan and identity of the robbers. The City robbery occurred between 15 to 30 minutes before the County

robbery at a location 3 miles and ten minutes distant by car. Both sets of robberies were of school children on their way to school. A major item taken in each robbery was a leather coat. The same vehicle was identified at each site; the same three men armed with the same weapons were identified at each site. Given the proximity in time and place and the similarities of the crimes the evidence of the City robbery was admissible as evidence that the defendant and his companions had embarked upon a common scheme to rob school children at both sites and that the robberies in the County were committed by the same people identified in the City.

Judgment affirmed.

CLEMENS, P. J., and DOWD, J., concur.