STATE of Missouri, Respondent,

v.

Robert WOOD, Appellant.

No. 31311.

Missouri Court of Appeals,
Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1981.

Application to Transfer Denied
May 11, 1981.

John E. McKay, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Catheryn B. Starke, Asst. Atty. Gen., Kansas City, for respondent.

Before PRITCHARD, P. J., and TURNAGE and CLARK, JJ.

TURNAGE, Judge.

Robert Wood was convicted of five counts of robbery in the first degree and the jury assessed punishment at twenty years on each count. The court imposed punishment at twenty years on the first count, twenty years on the second count, to run consecutive to sentence on the first count, and twenty years on the remaining counts to run concurrently with the first count.

On this appeal Wood contends the evidence was insufficient to sustain the conviction; that the court erred in failing to sever Count I from the remaining counts because Count I did not involve the same transaction or a common scheme or plan with the remaining counts; failure to suppress certain evidence; failure to suppress evidence of out-of-court identification and failure to give an instruction. Reversed and remanded.

On the night of March 26, 1979, at about 11:45 to 12:00 P.M., two black males entered the lobby of the Quality Inn Motel on East 31st Street in Kansas City and took the contents of the cash drawer from the clerk on duty at gunpoint. The two men were observed by an employee of the motel restaurant, although he did not see the actual robbery. The employee saw the two men enter the lobby and saw a green Pinto in the parking lot with a man behind the wheel gunning the motor. The employee noted the license number of the Pinto and later saw the same two men he had seen in the lobby run from the lobby, jump in the Pinto and saw the Pinto leave at a high rate of speed. The license number of the Pinto was given to the police department as Missouri CJM–15, with the last digit missing.

At trial the employee positively identified Wood as one of the two men who entered the lobby and who later ran from the lobby, jumped into the Pinto and left. There was no evidence of anyone else being in the lobby during this time except the clerk. The clerk was not able to identify Wood.

About 12:20 or 12:25 A.M. on March 27, 1979, two black males entered the lobby of the Four Acre Motel on South 71 Highway in Kansas City. One of the men produced a pistol and forced the clerk, Finnigan, to hand over the money belonging to the motel and also the money which Vicki Campbell, a bartender in the motel, had just given Finnigan. Standing at the counter with Camp-

bell and Finnigan was one Herbert, a resident of the motel. The two men also took the money from Finnigan's billfold and his silver Timex, which had the days of the week in German. The two next took wallets from Herbert and Campbell, in addition to Herbert's glasses. The two men then ordered Finnigan, Campbell and Herbert into a back room. When the two returned to the lobby they found Denny, another motel resident, at the counter waiting for the clerk. One of the two men placed a gun at Denny's head and took Denny's wallet containing about $250. Denny noticed a green Pinto in front of the lobby while waiting for the clerk to return.

At trial Herbert, Campbell and Denny all identified Wood as one of the two robbers.

Officer Louden of the Kansas City Police Department had heard the police broadcast on a green Pinto occupied by three negro males with a Missouri license CJM–15, with the last number unknown, and was aware of the robbery at the Quality Inn and Four Acre Motels. Officer Louden saw a green Pinto occupied by three negro males with Missouri license CJM–135 and stopped it at 1:13 A.M. on March 27, 1979, in the same area of town as the Four Acre Motel. Officer Louden ordered the three out and looked into the car with a flashlight. He observed a small automatic weapon and a pair of glasses inside the car. Officer Louden searched Wood at the scene after he had placed all three under arrest and found about $203 in coins and currency. At the police station about $90 more was found on Wood. The officer testified he could not remove all of the money from Wood at the scene because he did not have enough bags to hold it.

■ Wood's contention that the evidence was insufficient to support his conviction is rejected. He was identified by the employee as being one of the two men in the Quality Inn during the time of the robbery and was identified by three people at the Four Acre robbery as being one of the two robbers. The testimony of a single witness to establish identity is sufficient if believed by the jury, as it obviously was in this case as shown by their verdict. *State v. Graham*, 527 S.W.2d 936, 947[14–16] (Mo.App. 1975). Wood points to certain conflicts in the evidence, but, of course, those were for the jury to resolve.

■ Wood next contends the court should have sustained his pre trial motion to suppress evidence of the Timex watch, with the days of the week written in German, which was taken from one of the other men in the car and the gun which was taken from the car at the time it was stopped. As to the watch taken from one of the other men, it is apparent Wood has no standing to raise the legality of a search of a third party. *State v. Taylor*, 538 S.W.2d 761, 764[7–9] (Mo.App.1976). As to the gun which was taken from the car, Wood did not claim to be either the owner of the car or the gun. It appears he was a mere passenger in the car. Wood has failed to demonstrate that he had any reasonable expectation of privacy concerning the gun which was under the front seat. Failing to show a reasonable expectation of privacy, Wood may not raise any objection under the Fourth Amendment to the search and seizure. *Rakas v. Illinois*, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978); *State v. Carter*, 591 S.W.2d 219, 221[3] (Mo.App. 1979).

■ Wood also complains of the search of his person at the time he was arrested when the car was stopped. It is well settled that if the arrest is valid a warrantless search may be conducted of the defendant's person. *State v. Drake*, 512 S.W.2d 166, 169[1] (Mo.App.1974). The validity of the arrest depends upon the existence of probable cause for the arrest.

"Probable cause consists of the facts available to officers at the moment of the arrest, and whether at that time such facts would warrant a man of reasonable caution in believing that an offense had

been committed, and whether at that time the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man into believing that the movant had committed or was committing an offense. *Beck v. Ohio*, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964)." *State v. Maxwell*, 502 S.W.2d 382, 386[1] (Mo.App.1973).

■ Wood contends Officer Louden did not have probable cause to stop the green Pinto and arrest him because the officer did not have a physical description of the three men who were reported to have committed the robberies. In *Maxwell* the officer had only a description of an automobile and that it was occupied by three black males. The court held that was probable cause to stop the car and make the arrest. Here, the officer had a description of the car, both by make and color and all but one number of the license tag. In addition, the officer had the information that it was occupied by three black males. With the information at hand and the fact that the arrest was made less than an hour after the second robbery and in the same area of town constituted probable cause for the officer to stop the car and place the occupants under arrest. With the validity of the arrest established, it follows that the officer had the right to conduct a warrantless search of Wood's person.

■ Wood next attacks the testimony of Herbert, Campbell and Denny concerning their out-of-court identification of Wood which took place in a police lineup conducted about 9:30 A.M. following his arrest. Wood contends the makeup and conduct of the lineup was designed to lead to his identification but the record does not support these contentions. The three witnesses about which complaint is made as to their identification all had ample time and light to observe Wood during the robbery. Wood did not wear any mask or have his face concealed in any manner. All three positively identified Wood at trial based on their observation of him during the robbery. The test to be applied requires an examination of the totality of the circumstances "to see if there is 'a substantial likelihood of irreparable misidentification'. *Manson v. Brathwaite*, 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977); *Neil v. Biggers*, 409 U.S. 188, 198, 93 S.Ct. 375, 34 L.Ed.2d 401 *et seq.* (1972)." *State v. Terry*, 582 S.W.2d 337, 340[5] (Mo.App.1979). An examination of the circumstances here does not reveal any substantial likelihood that the witnesses may have been led into a misidentification at the lineup, even if Wood's objections to the lineup were assumed to be true.

■ Wood next contends the court erred in failing to give his alibi instruction. There was no evidence offered to show Wood's whereabouts at the time the robberies occurred. In that situation the court was correct in refusing the alibi instruction. *State v. Franklin*, 591 S.W.2d 12, 14[6] (Mo.App.1979).

■ Wood finally contends the court erred in refusing his motion to sever the trial of Count I which charged the robbery at the Quality Inn Motel, from the four remaining counts which related to the robbery of the Four Acre Motel and the individuals present there. Rule 24.04(b) [now Rule 23.05] allows offenses which are based on the same act or on two or more acts which are a part of the same transaction or which constitute parts of a common scheme or plan to be charged in the same indictment or information. In *State v. Buford*, 582 S.W.2d 298 (Mo.App.1979) this court held the trial court had abused its discretion in failing to sever for trial two assault charges which took place at different times and several blocks apart. At page 302[3] this court stated:

[T]o avoid the emasculation of the evidentiary rule, the joinder rule must be construed so that joinder is permitted only when proof or evidence of the commission of one crime must be necessary to the proof of the commission of the other

**902**

crime. *State v. Prier, supra* [561 S.W.2d 437] at 441–42, and *State v. Jackson,* 566 S.W.2d 227, 229 (Mo.App.1978).

The Eastern District has followed *Buford* in *State v. Howard,* 601 S.W.2d 308 (Mo. App.1980) when it held a charge of robbery in taking a purse should have been severed for trial from another charge of stealing from the person when the same defendant took another purse a short distance away about an hour later.

In this case there is no evidence to show that any common scheme or plan was involved and the robbery at the Four Acre Motel was not part of the same transaction or occurrence as the incident at the Quality Inn Motel. Nor was proof of the Four Acre robbery necessary to prove the Quality Inn robbery. Certainly the multiple robberies at the Four Acre Motel were properly joined, but it is the joinder of these counts with the robbery at the Quality Inn which is challenged.

The State relies upon *State v. Adail,* 555 S.W.2d 672 (Mo.App.1977). *Adail* was not concerned with joinder but with evidence of the defendant being involved in two separate robberies. Under *Buford* the same rule would be applied, but the court in *Adail* held the evidence did show the existence of a common scheme or plan and thus the evidence of the second robbery was proper. That of course distinguishes *Adail* from the case at bar.

Absent proof to show the existence of a common scheme or plan, under *Buford* and *Howard* this court concludes the trial court abused its discretion in failing to sever the Quality Inn robbery from the robberies which occurred at the Four Acre Motel.

For the failure to sever Count I from the remaining counts, the judgment on all counts is reversed and this cause is remanded for further proceedings.

All concur.