Aaron ADAIL, Appellant,

v.

Donald WYRICK, Warden, Missouri State Penitentiary, Appellee.

No. 82–2531.

United States Court of Appeals, Eighth Circuit.

Submitted June 28, 1983.

Decided July 6, 1983.

---

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Gail N. Gaus, Clayton, Mo., for appellant.

Before HEANEY, McMILLIAN and ARNOLD, Circuit Judges.

PER CURIAM.

Aaron Adail appeals the district court's[1] denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Adail argues that his state trial denied him due process because (1) the trial court admitted evidence of a suggestive pretrial lineup, (2) the witness who identified Adail at the lineup could not positively identify him in court, and (3) the trial court admitted evidence of a prior crime. We affirm.

Adail was tried for the robbery of four junior and senior high school students. On the morning of October 8, 1974, at approximately 8:30 a.m., a group of students was assembled on a street corner in St. Louis County, Missouri. Some of the young people were junior and senior high school students waiting for a bus; the rest were children going to a nearby elementary school. A resident saw three men get out of a car near the elementary school, take a sawed-off shotgun and a pistol out of the trunk, and proceed towards the corner. The armed men approached some of the students and demanded their leather jackets and money. The robbery was interrupt-

---

1. The Honorable Edward L. Filippine, United States District Court Judge for the Eastern District of Missouri.

ed by an administrator from the elementary school who saw children running from the scene. As the robbers fled, he recognized one of them as a former student. The police were called and the witnesses gave descriptions of the robbers and their getaway car. An hour later, the police stopped three men, including Adail, in a car matching the description of the getaway car. A search of the trunk disclosed two sawed-off shotguns and a leather coat. The police arrested Adail and the other two men.

That same day, the four robbery victims viewed the suspects in a lineup. The students waited together in the same waiting room while each took a turn viewing the lineup. Those who viewed the lineup first discussed their identifications with the others. Three students identified one or both of the other suspects, but not Adail. The last student to view the lineup identified only Adail.

No witness was able to positively identify Adail at the trial ten months later. The students testified about their prior lineup identifications. Two witnesses said they were certain three men were involved in the robbery. In addition, the state introduced evidence that the same robbers had pulled off a similar robbery earlier on the same morning three miles away. Two students involved in the earlier robbery testified that three men had robbed them of their leather coats at gun point at around 8:15 a.m. These two students positively identified Adail as one of the three robbers and identified the same getaway car that was seen at the later robbery and stopped at the arrest. A jury found Adail guilty of four counts of first degree robbery, and he was sentenced under the Missouri Second Offender Act to four concurrent twenty-year prison terms.

The Missouri Court of Appeals affirmed Adail's conviction and sentence in *State v. Adail*, 555 S.W.2d 672 (Mo.App.1977). A state court thereafter denied his 27.26 motion for postconviction relief and the Missouri Court of Appeals affirmed. *Adail v. State*, 612 S.W.2d 6 (Mo.App.1980). Adail filed a habeas petition in federal court raising all of the grounds presented in his 27.26 motion and his direct appeal. The district court dismissed the issues raised on direct appeal for failure to exhaust and rejected the other claims on the merits. This Court affirmed in part, but remanded for a hearing of the issues Adail raised in his direct appeal, holding them exhausted. *Adail v. Wyrick*, 671 F.2d 1218, 1219 (8th Cir.1982). On November 18, 1982, the district court, adopting with comment the magistrate's review and recommendation, denied Adail's petition. This appeal followed.

■ Adail initially contends that the lineup was unconstitutionally suggestive because the robbery victims talked about their identifications while waiting together to view the lineup. The determination of whether an out-of-court identification is admissible at trial requires a two-step analysis. The court must first inquire whether the police used an impermissibly suggestive procedure in obtaining the identification. Even if the procedure is suggestive, however, the identification is still admissible unless, under all the circumstances, the procedure gave rise to a "substantial likelihood of irreparable misidentification." *Manson v. Brathwaite*, 432 U.S. 98, 107, 97 S.Ct. 2243, 2249, 53 L.Ed.2d 140 (1977); *United States v. Mefford*, 658 F.2d 588, 590 (8th Cir.1981), *cert. denied*, 455 U.S. 1003, 102 S.Ct. 1636, 71 L.Ed.2d 870 (1982); *Harris v. Wyrick*, 644 F.2d 710, 712 (8th Cir.1981). Applying this analysis, we conclude the lineup identification is admissible.

■ Although allowing witnesses to discuss their identifications with other witnesses who have not yet viewed the lineup may be an unnecessarily suggestive procedure, Adail's identification is admissible because it is reliable. The Supreme Court set forth the factors to be considered in evaluating the reliability of out-of-court identifications in *Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972). These factors include: the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty dem-

onstrated by the witness at the confrontation, and the length of time between the crime and the confrontation. *Id.* at 199–200, 93 S.Ct. at 382–83. The witness who identified Adail testified that Adail robbed him face-to-face in broad daylight. The witness said he was certain of his identification when it was made on the day of the robbery. Furthermore, even though that witness was the last to view the lineup, he was the only witness who identified Adail and he did not pick out any other suspect. Therefore, he was apparently not influenced by his companions' comments. In these circumstances, we hold the identification is sufficiently reliable to be admissible.

■ Adail's other two arguments challenge the admissibility of evidence introduced at trial on evidentiary grounds. Rules of evidence and trial procedure are usually matters of state law. A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process. *Lenza v. Wyrick,* 665 F.2d 804, 811 (8th Cir.1981); *Maggitt v. Wyrick,* 533 F.2d 383, 385 (8th Cir.), *cert. denied,* 429 U.S. 898, 97 S.Ct. 264, 50 L.Ed.2d 183 (1976).

■ Adail contends that the pretrial identification is not admissible because the witness could not make a positive in-court identification ten months later. The pretrial identification is clearly admissible under Missouri law. Missouri courts do not consider pretrial identifications hearsay where the identifying witness testifies to facts within his or her personal knowledge and is subject to confrontation and cross-examination by the defendant. *State v. Adail,* 555 S.W.2d 672, 674 (Mo.App.1977); *State v. Pitchford,* 324 S.W.2d 684, 687 (Mo. App.1959). The inability of the victim to identify the defendant at trial merely goes to the weight of the testimony, not to its admissibility. *State v. Timmons,* 584 S.W.2d 129, 133 (Mo.App.1979). Moreover, federal courts also admit pretrial identifications made after the crime without corroborating in-court identifications under Fed.R. Evid. 801(d)(1)(C). *E.g., United States v. Ingram,* 600 F.2d 260, 261 (10th Cir.1979); *United States v. Hudson,* 564 F.2d 1377,

1379 (9th Cir.1977). Evidence thus admissible under both state and federal standards is not unconstitutionally prejudicial.

■ Adail's final ground, alleging denial of due process because evidence of the earlier robbery was admitted at his trial, is also without merit. Evidence of other crimes is admissible under Missouri and federal law if it is relevant to show a common scheme or plan, or the identity of the accused. *United States v. Reed,* 686 F.2d 651, 652 (8th Cir.1982) (per curiam); *State v. Lue,* 598 S.W.2d 133, 137 (Mo.1980) (en banc). The evidence of the earlier robbery in this case tended to establish a common scheme or plan and Adail's identity as one of the robbers. The robberies took place on the same morning, three miles apart. In both crimes, the robbers took leather coats and money from school children. Victims of both robberies identified the same getaway car. Finally, two victims of the first robbery were able to clearly identify Adail as their assailant. Since the evidence of the earlier robbery was properly admitted, the trial court did not violate due process.

We have carefully reviewed the record and briefs in this case and find no constitutional violations. Accordingly, the district court's denial of the writ of habeas corpus is affirmed.