Alvin **LOVELACE**, Appellant,

v.

**A.L. LOCKHART, Director, Arkansas Department of Correction, Appellee.**

No. 84–2502.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1985.

Decided June 25, 1985.

---

**9.** Of course, Purolator claims two service letters were sent. Jasperson states in her brief that "she was unable to use defendant's first letter because she never received it. She didn't use defendant's second letter because she didn't consider it a valid service letter. It was written to her attorney, and did not truly state the reason for her discharge." Even if we assume everything Jasperson says is true, our inquiry still must focus not on what *Jasperson* thought about the letter, but, rather, on what her prospective *employers* thought. Unless the lack of a letter caused *them* to refuse her employment, Jasperson has made no case for actual damages.

Before HEANEY, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and BOWMAN, Circuit Judge.

HEANEY, Circuit Judge.

Alvin Lovelace appeals from the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. For reversal, Lovelace contends that his conviction was constitutionally improper because the Arkansas courts erred by permitting the jury to decide whether he had the requisite number of convictions to be classified as an habitual offender. He also argues that his attorney's mishandling of the habitual offender issue constituted ineffective assistance of counsel. We affirm.

Lovelace was convicted of aggravated robbery in the Arkansas district court, and was also found to be an habitual offender; he was sentenced to life in prison. The Arkansas Supreme Court affirmed his conviction and sentence. *Lovelace v. State,* 276 Ark. 463, 637 S.W.2d 548 (1982). After Lovelace exhausted his state remedies, he petitioned the district court for the habeas corpus relief now at issue.

■ It is clear under Arkansas law that the judge should have determined whether Lovelace was an habitual offender. *See* Ark.Stat.Ann. § 41–1001 *et seq.* Nevertheless, state procedural errors do not typically justify federal habeas corpus relief unless the error was so egregious as to violate due process. *Adail v. Wyrick,* 711 F.2d 99, 102 (8th Cir.1983). This Court has examined the record and we are fully satisfied that Lovelace was correctly adjudged an habitual offender. Therefore, because we find no prejudice in this procedural error, we agree with the district court that it is an unsuitable basis for habeas corpus relief.

■ Because we have determined that Lovelace suffered no prejudice from this determination, we find that his counsel's conduct on the habitual offender issue did not constitute ineffective assistance.

A. Wayne Davis, Little Rock, Ark., for appellant.

Theodore Holder, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Accordingly, we affirm the judgment of the district court on the basis of its well-reasoned opinion. *See* 8th Cir.R. 14.