ON PETITION FOR REHEARING
BANKS, Justice,
dissenting:
Today we deny a petition for rehearing filed on behalf of the defendant. The only evidence supporting this conviction is the unsworn out-of-court statements of the victim which were retracted under oath by the victim at trial. This point is not clear in the opinion previously entered. After examination, I agree with the conclusion of the trial court that the victim’s prior statements were admissible as substantive evidence under Rule 801(d)(1)(C), Mississippi Rules of Evidence (MRE). Whether those statements, standing alone, are sufficient to support a conviction in face of a live in-court, under oath retraction on beyond a reasonable doubt standard is more problematical. Again, I am compelled to agree that they may be. The closeness of this issue, however, highlights what I believe to be reversible error by the trial court in another area. Because I believe that Austin should have received a lesser included offense instruction, I dissent.
I
Austin’s natural son accused him of striking him, the son, several times with an electrical cord in an effort to force the son to disclose the whereabouts of the son’s mother. The alleged striking left scars visible on the son’s back eleven months later. At trial the son testified that he was not struck by his father at all. Rather, he said, he was struck by his older brother during an altercation arising out of a basketball game. Although there was testimony concerning Austin’s anger directed at the mother at the police station upon being arrested, it appeared that policemen intervened before any threats or other coercive actions took place. There was no other evidence of threats or coercion adduced at trial.
II
Rule 801(d)(1)(C) MRE provides that a statement is not hearsay if the declarant testifies at trial and is subject to cross examination concerning the statement and the statement is “one of identification of a person made after perceiving him.” We have not heretofore interpreted this rule. It is identical to the provisions of the Federal Rules of Evidence from which our rules were adopted. Accordingly, we look to federal iiiterpretations for guidance.
The trial court interpreted Mississippi Rules of Evidence 801(d)(1)(C), in accord with federal interpretations of the identical provision in the Federal Rules of Evidence. FRE 801(d)(1)(C). This interpretation is based on a congressional history manifesting an intent to cover situations where the witness fails to reidentify the perpetrator at trial through either a loss of memory or because the witness is afraid of, or intimi *15 dated by, the perpetrator.[1] The latter objective would apply to Kim’s recantation of his out-of-court identification of his father as the perpetrator.
Whenever fear or intimidation leads a witness either to refuse to acknowledge a prior identification or recant a prior identification, the prior identification may come in as evidence through the testimony of a third party. United States v. Elemy, 656 F.2d 507, 508 (9th Cir.1981). Where the recanting declarant (in the instant case, Kim) and the witness who testifies that declarant did, in fact, make a prior identification (Officer Nelson) are available for cross-examination, the testimony of either party does not constitute hearsay. Id.; United States v. Jarrad, 754 F.2d 1451, 1456 (9th Cir.1985). The prior identification is independently admissible as substantive evidence. United States v. O’Malley, 796 F.2d 891, 899 (7th Cir.1986). The mere inability of a declarant/witness to identify the defendant in court even though the declarant/witness has previously identified the defendant “goes to the weight of the testimony, not to its admissibility.” Adail v. Wyrick, 711 F.2d 99, 102 (8th Cir.1983).
Given, then, that this evidence is admissable the question is whether it, standing alone is sufficient to support a conviction in light of Kim’s recantation. I reluctantly concur with the majority that it is. I say reluctantly because we are charged with the responsibility of assessing the evidence to determine whether it is sufficient to convince a fair minded jury of guilt beyond a reasonable doubt. We have not been hesitant in doing so in other contexts. See, e.g., Flanagan v. State, 605 So.2d 753 (Miss.1992). Here, there is no question that Kim was struck with something. The evidence of the severity of the injury was certainly such as would support a verdict, even though an equally fair minded juror might have thought otherwise. The question is whether Kim’s unsworn, out-of-court identification of the perpetrator can overcome his in court, under oath recantation, beyond a reasonable doubt.
The standard of review for this issue requires this Court to consider all the evidence, including that presented by the defendant, in the light most favorable to the State. Lanier v. State, 533 So.2d 473, 479 (Miss.1988) (citations deleted). The court must also give the State the benefit of all favorable inferences that reasonably may be drawn from the evidence. Id.; Leflore v. State, 535 So.2d 68, 70 (Miss.1988). Reviewing all of the evidence in the light most favorable to the State — particularly in view of the facts that Kim’s initial version of the beating was not substantially impeached at trial other than his recantation, that Kim does not appear to have had any motivation to have lied in his initial statement and that the jury is charged with the responsibility of assessing Kim’s credibility while testifying at trial, I think the verdict is satisfactorily, if barely, substantiated.
Ill
The question whether the trial court erred in failing to grant Austin’s requested lesser-included-offense instructions is another matter.
*16 The crime of felonious child abuse, codified at Miss.Code Ann. § 97-5-39(2), requires an intentional abuse or mutilation of a child leading to serious bodily harm. Particularly, this section reads:
Any person who shall intentionally
(a) burn any child,
(b) torture any child or,
(c) except in self-defense
or in order to prevent bodily harm to a third party, whip, strike or otherwise abuse or mutilate any child in such a manner as to cause serious bodily harm, shall be guilty of felonious abuse and/or battery of a child, and, upon conviction, may be punished by imprisonment in the penitentiary for not more than twenty (20) years.
The crime of simple assault, codified at Miss.Code Ann. § 97-3-7 (Supp.1992), states in pertinent part:
(1) A person is guilty of simple assault if he
(a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or
(b) negligently causes bodily injury to another with a deadly weapon or means likely to produce death or serious bodily harm; or
(c) attempts by physical menace to put another in fear of imminent serious bodily harm; and upon conviction, he shall be punished by a fine of not more than five hundred dollars ($500.00) or by imprisonment in the county jail for not more than six months, or both.
Defense instruction D-3 advised the jury that it must proceed to deliberate whether the State has proven the elements of simple assault if it fails to prove any element of felonious child abuse. Instruction D-4 sought to guide the jury through its deliberation on the lesser-included charge (assuming, of course, the jury would advance to this stage) by listing the elements of simple assault. If the jury was to find the defendant guilty of any crime, the obvious intent óf D-3 and D-4 was to provide the jury an opportunity to find the defendant guilty of the proper crime. The trial court’s denial of D-3 and D-4 preempted this opportunity.
A defendant is entitled to a lesser-included instruction when a lesser-included offense contains some of the elements of the greater offense and has no element not included in the greater offense. Cannaday v. State, 455 So.2d 713, 724 (Miss.1984) cert. denied, 469 U.S. 1221, 105 S.Ct. 1209, 84 L.Ed.2d 351 (1985); see also Hicks v. State, 580 So.2d 1302, 1306 (Miss.1991); Jones v. State, 279 So.2d 650, 651 (Miss.1973). While the findings of the jury may be unassailable once rendered, the mere probability that a jury may render one way or another is insufficient to forbid a lesser included instruction when such an instruction is warranted. Harper v. State, 478 So.2d 1017, 1020 (Miss.1985). For example, the defendant’s entitlement to a lesser-included instruction is not to be diminished even though his theory of the case is inconceivable. Wilcher v. State, 455 So.2d 727, 738 (Miss.1984) (Hawkins, J., dissenting). The trial court may properly disallow a lesser-included instruction only when the evidence is so clear that the jury could have no rational alternative but to find the defendant guilty, if at all, of only the greater offense. Harper, 478 So.2d at 1020.
For a jury to convict Austin for felonious child abuse, that jury would have to find the defendant (1) intentionally (2) harmed in some way (3) a child (4) causing serious bodily harm or (5) mutilation, beyond a reasonable doubt. On the other hand, for a jury to convict Austin of simple assault, that jury would have to find the defendant (1) purposely, knowingly or recklessly (2) caused injury to another, beyond a reasonable doubt. There is no element of simple assault that is not also present in the child abuse charge. In fact, the elements of felonious child abuse, by necessity, embrace all of the elements of simple assault. Because of this, a jury could reasonably find Austin committed simple assault but not felonious child abuse if one of the non-assault elements (whether a mutilation or a serious bodily injury occurred, or whether the harm was “intentional” as opposed to “reckless”, for example) was not established by the State. The Harper test is *17 met, and the lesser-included instruction should have been given.
Our sister State of Alabama has considered this question in a case quite similar to this. In Updyke v. State, 501 So.2d 566, 567-68 (Ala.Crim.App.1986) cert. denied, 501 So.2d 566 (Ala.1987), the Alabama Court of Criminal Appeals held a child abuse defendant, accused of beating his son with a wet belt, entitled to a simple-assault instruction as it would be possible, under the applicable statutes [2], for the jury to find the defendant guilty of simple assault and innocent of child abuse.
In my view, Austin was clearly entitled to an instruction on simple assault. Because it was denied him, I would reverse his conviction. I therefore would grant his petition for rehearing and reverse and remand this case to the circuit court for a new trial.
DAN M. LEE, P.J., and SULLIVAN, J., join this dissent.

. On October 6, 1975, Rep. Hungate explained the purpose of Federal Rule of Evidence 801(d)(1)(C) as follows:
What is suggested here is that in the field of organized crime — and in some of the even more unorganized crime — there are people of a more vicious nature who suggest to these witnesses that if they would ever like to see their children or their wives again, they had better not recognize this fellow. Or there may be financial reward.
The feeling of those who press for the law the way it came to the House and the way it would now be written is that this is protection for the public against the changing testimony of witnesses.
The second part of the argument is this. If one is going to identify the man or woman, his identification is probably more accurate, say, within a week after the offense. The trial comes up one or two years later, and the fellow has had a chance to grow a beard or dye his hair, and probably the victim's first identification is best. This is the general nub of the argument.
This is a typical situation with which this rule would deal. A crime takes place, as indicated The witness sees it and identifies the person. By the time of the trial, the witness has what some would suggest is a convenient lapse of memory. 121 Cong.Rec. 31,867 (remarks of Rep. Hungate).

. Ala.Code § 26-15-3 (1975) dictates:
"A reasonable person ... who shall torture, willfully abuse, cruelly beat or otherwise willfully maltreat any child under the age of 18 years shall, on conviction, be punished by imprisonment in the penitentiary for not less than one year nor more than 10 years."
Ala.Code § 13A-6-22 (1975) dictates:
"(a) A person commits the crime of assault in the third degree if:
(1) With intent to cause physical injury to another person, he causes physical injury to any person; or
(2) he recklessly causes physical injury to another person ...(.)
Ala.Code § 13A-1-9 (1975) dictates:
(a) A defendant may be convicted of an offense included in an offense charged- An offense is an included one if:
(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or ...
(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.